■ In the Matter of STEVEN M. OSTROW, Petitioner, v COMMISSIONER OF EDUCATION et al., Respondents.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

By order dated June 29, 1990, respondent Commissioner of Education made an order implementing a decision of respondent Board of Regents dismissing on procedural grounds of lack of fair notice a statement of charges then pending against petitioner. The dismissal was specifically without prejudice to the commencement of a new proceeding under an appropriately drawn statement of charges. The original charges alleged that petitioner had willfully abused a patient, a 15-year-

old boy, and engaged in conduct evidencing moral unfitness to practice medicine. However, the facts stated therein, while placing petitioner in a compromising position, failed to allege either sexual or physical contact with the patient. A new proceeding was commenced alleging that petitioner, a physician, had committed oral sex upon the patient. These charges were upheld after a hearing and petitioner's license to practice medicine was revoked by an order of the Commissioner of Education dated October 22, 1991.

Petitioner commenced this CPLR article 78 proceeding arguing that respondents were without authority to procedurally remand the original proceeding for the purpose of redrafting charges, that the second finding was precluded by collateral estoppel and that the determination was not supported by substantial evidence in the record.

Initially, we note that the first proceeding dismissed the original statement of charges and neither remanded the matter to the State Department of Health nor directed the filing of redrafted charges or the commencement of new proceedings. The basis of the dismissal was procedural in nature because the facts as specifically alleged in the statement of charges did not constitute misconduct and that, because such contact had not been alleged, petitioner was deprived of fair notice to defend against any implied physical contact. Essentially, the Board of Regents found that petitioner's rights to procedural due process precluded consideration of evidence of physical and sexual contact in the context of the statement of charges then pending. In essence, the charges were dismissed for failing to state a cause of action. Accordingly, the first proceeding was a final determination solely of the original charges and, therefore, the dismissal did not result in an improper remand by the Board of Regents.

Despite petitioner's current contentions, the prior proceeding did not necessarily raise physical or sexual abuse, nor was a determination of those allegations ever made (see, Ryan v New York Tel. Co., 62 NY2d 494, 500-501). In fact, the Board of Regents acceded to petitioner's urging and declined to consider such abuse. Petitioner's argument predicated upon the doctrine of collateral estoppel simply lacks merit and must be rejected. The significant evidence of petitioner's inappropriate sexual contact with a minor patient which could not be considered because of the procedural deficiencies in the initial disciplinary proceedings appropriately gave rise to the determination to prosecute the charge in a procedurally correct

format. That determination cannot be considered arbitrary or capricious.

Finally, we reject petitioner's argument that the findings of guilt were not supported by substantial evidence in the record. The testimony describing the observations of the several witnesses who were present at the time of the alleged misconduct provided a sufficient basis for the conclusion that petitioner had inappropriate contact of a sexual nature with a 15-year-old patient *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180).

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.