■ In the Matter of GUY DENIS, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF STATE OF NEW YORK et al., Respondents. [596 NYS2d 914] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent Commissioner of Educa-

tion which suspended petitioner's license to practice medicine in New York.

Petitioner, a licensed otolaryngologist*practicing in the City of Buffalo, Erie County, was charged by the State Board for Professional Medical Conduct with six specifications of professional misconduct in violation of Education Law § 6509 (2). He was charged with practicing the profession with negligence on more than one occasion and practicing the profession with incompetence on more than one occasion (see, Education Law § 6509 [2]), all arising from petitioner's allegedly negligent and incompetent treatment of patients A, B and C.

An administrative hearing was conducted before a Hearing Committee (hereinafter the Committee) at which testimony and evidence was received. The Committee found that with respect to a surgical procedure performed on patient A, petitioner's postoperative report was not clear or precise and did not adequately describe the operative procedure performed, petitioner failed to obtain tissue samples at the margins of the tumor during the operation for frozen section evaluation and petitioner failed to provide a proper anatomical orientation for the pathologist. The Committee then determined that petitioner practiced the profession with negligence and incompetence on more than one occasion with respect to patient A.

Turning to patient B, the Committee found that petitioner should have ordered a CT scan prior to the first surgical procedure to ascertain the location of a tumor, that he should have examined the nasopharynx area during the first procedure and that during the second surgical procedure petitioner, while waiting for the pathology report, unnecessarily explored patient B's neck. The Committee determined that petitioner was both negligent and incompetent on more than one occasion with respect to his treatment of patient B.

With respect to patient C, the Committee found that petitioner incorrectly identified a lymph node removed from patient C as a submandibular gland on a postoperative report and concluded that this error constituted only one act of incompetence. The Committee therefore did not sustain the charge that petitioner was negligent and incompetent with regard to patient C on more than one occasion. The Committee recommended, on the basis of its finding that petitioner was negligent and incompetent on more than one occasion

---

* Otolaryngology is the treatment of patients with problems in the head and neck area exclusive of the central nervous system and the ophthalmic system.

with respect to both patients A and B, that petitioner's license be revoked. The Commissioner of Health recommended that respondent Board of Regents (hereinafter the Board) accept the Committee's findings, conclusions and recommendation as to penalty.

The Regents Review Committee reached a different interpretation of paragraph four of the statement of charges (headed "first through third specifications"), interpreting it as one charge alleging that petitioner acted with negligence on more than one occasion for acts against patients A, B and C, and paragraph five (headed "fourth through sixth specifications"), interpreting it as one charge alleging that petitioner acted with incompetence on more than one occasion for the same acts against patients A, B and C. The Regents Review Committee recommended that the Board find that petitioner was negligent and incompetent with respect to patient A by failing to properly complete a postoperative report and obtain proper tissue samples for a pathological examination; that petitioner was negligent with respect to patient B by failing to obtain a CT scan prior to the first surgical procedure, and both negligent and incompetent by failing to examine the nasopharynx area during the first procedure and attempting to perform a neck biopsy before examining the nasopharynx during the second procedure; and that the factual allegations pertaining to patient C were not sustained.

The Regents Review Committee recommended that the Board suspend petitioner's license for five years, such suspension to be stayed and petitioner placed on probation. The Board adopted the findings, conclusions and penalty as recommended by the Regents Review Committee. Respondent Commissioner of Education then entered an appropriate order. This CPLR article 78 proceeding ensued.

Petitioner's contention, that the determination that his treatment of patient B was negligent and incompetent is not supported by substantial evidence because there was no testimony that the care he rendered patient B was below the generally accepted standard of care in the community, is without merit. There was testimony by Steven Parnes, an otolaryngologist, that his standard of care or method of treatment was the standard of care in the community. Parnes stated that petitioner's failure to examine patient B's nasopharynx and do a biopsy of it during the first procedure was a departure from the generally accepted practice. He testified that a CT scan would have guided petitioner as to the approximate location of the tumor and that, in these circumstances,

the CT scan should have been done before the first procedure. Parnes stated that patient B was unnecessarily subjected to the second procedure because petitioner did not do the CT scan prior to the first procedure. Parnes further testified that in his opinion the exploration of patient B's neck while petitioner was waiting for the results of the biopsy of patient B's nasopharynx was unnecessary and increased the possibility of carcinoma in the neck. Thus, Parnes provided evidence of the generally accepted standard of care in the community and of petitioner's failure to meet that standard *(see, Matter of Morrissey v Sobol,* 176 AD2d 1147, 1150, *lv denied* 79 NY2d 754; *cf., Matter of Stone v Sobol,* 171 AD2d 235, 241-243).

Also rejected is petitioner's contention that he was denied due process because, while the statement of charges as drafted alleged one specification each of negligence and incompetence on more than one occasion with respect to patients A, B and C individually, the Board essentially amended the statement to charge that he was negligent and incompetent by his conduct to the patients collectively, thus negating his right to prepare an adequate defense.

The Committee interpreted the first through third specifications as alleging that petitioner committed three separate instances of incompetence on more than one occasion with respect to each individual patient and concluded that petitioner was guilty of such charges only with respect to patients A and B. The Regents Review Committee held that the statement of charges contained one charge of negligence on more than one occasion based on paragraph four (containing factual allegations of petitioner's treatment of all three patients) and one charge of incompetence on more than one occasion based on paragraph five (containing the same factual allegations of paragraph four). Although, as petitioner claims, he cannot be guilty of either negligence or incompetence on more than one occasion as to patient A because the alleged misconduct occurred during the same surgical procedure *(see, Matter of Yong-Myun Rho v Ambach,* 74 NY2d 318, 322-323), the factual portion of the statement of charges with respect to patients A, B and C was reasonably specific, in the circumstances, to apprise petitioner of the charges against him *(see, Matter of Block v Ambach,* 73 NY2d 323, 333; *Matter of Matala v Board of Regents,* 183 AD2d 953, 954). Thus, petitioner had adequate notice of the charges against him so as to enable him to prepare an adequate defense by supplying evidence that he was not negligent or incompetent in the treatment he rendered *(see, Matter of Medicon Diagnostic*

*Labs. v Perales,* 182 AD2d 1033, 1034; *Matter of Klein v Sobol,* 167 AD2d 625, 629, *lv denied* 77 NY2d 809) and he was not deprived of due process *(see, Matter of Block v Ambach, supra).*

Petitioner claims that the Committee's failure to adjourn the hearing to allow him to appeal this Court's order quashing the subpoena duces tecum for the production of certain documents (sought for cross-examination purposes) denied him his right to fully cross-examine Parnes. This contention is without merit. In the course of the hearing petitioner served a subpoena duces tecum on Albany Medical Center requesting the production of certain of its medical records and documents claimed to be relevant. On the motion of the Medical Center, Supreme Court denied the motion to quash and ordered the production of all requested documents. The hearing was adjourned at petitioner's request pending the Medical Center's appeal to this Court.

This Court modified the order of Supreme Court by quashing the subpoena as to certain items and also denied petitioner's motion for leave to appeal to the Court of Appeals *(see, Matter of Albany Med. Ctr. Hosp. v Denis,* 161 AD2d 1030, 1031). Petitioner then moved at a hearing on July 13, 1990 for a further adjournment to permit him to move for leave to appeal to the Court of Appeals. This request was denied. The Medical Center produced the documents in accordance with this Court's order and petitioner used them. However, there is no evidence that petitioner moved in the Court of Appeals for leave to appeal and, therefore, petitioner is bound by the order to quash the documents because he previously had the opportunity to litigate the issue *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501; *cf., Matter of Ostrow v Commissioner of Educ.,* 187 AD2d 770, *lv denied* 81 NY2d 704).

Further, petitioner did receive documents from the Medical Center and conducted vigorous cross-examination of Parnes. The denial of the other documents by this Court did not frustrate petitioner's right to effectively cross-examine Parnes. Petitioner had ample opportunity to attack Parnes' credibility with the documents produced and petitioner has not demonstrated that the denial of the quashed documents harmed him in any appreciable way *(see, Matter of Amarnick v Sobol,* 173 AD2d 914, 916).

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.