■ In the Matter of the Claim of PAULA GANNON, Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. WORKER'S COMPENSATION BOARD, Respondent. [713 NYS2d 576] —Peters, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed October 15, 1998 and August 11, 1999, which ruled that claimant did not sustain a continuing causally related disability.

In September 1992, claimant, a seasonal auditor for the employer, sought workers' compensation benefits based upon her alleged exposure to paint fumes, pesticides and various other airborne toxins while working in Building 8-A at the State Campus in the City of Albany. According to claimant, her exposure to these environmental contaminants at work beginning in the spring of 1990 caused her to experience episodes involving dizziness, heart palpitations and a metallic taste in her mouth. Following a chemical leak in another State Campus building in October 1991 and a painting project in the foyer area of claimant's building in September 1992, claimant alleges that she also developed upper airway irritation, liver damage and multiple chemical sensitivities. The Workers' Compensation Board ruled that claimant suffered an accidental injury in the form of upper airway irritation caused by her

September 1992 exposure to paint fumes at work, but that there was no medical evidence of a continuing disability causally related to that accident or her alleged exposure to any other airborne contaminants at the workplace. The Board thereafter issued an amended decision which essentially repeated its findings and, following the denial of her request for full Board review, claimant appeals.

We affirm. Initially, substantial evidence supports the Board's decision that claimant did not sustain a continuing disability causally related to her exposure to paint fumes. Warren Silverman and Melvin Steinhardt, the medical experts who examined claimant on behalf of the State Insurance Fund, testified that claimant's symptoms were the physical manifestations of an anxiety disorder rather than the result of her alleged exposure to environmental contaminants at work. According to Silverman, although claimant's exposure to paint fumes could have resulted in dizziness and heart palpitations, those symptoms would have resolved within a short period of time and would not have caused prolonged complications or any permanent disability. Moreover, the testimony of claimant's own treating physicians confirms that claimant suffers from a history of delusional and anxiety disorders with psychotic features including the conversion of mental stress into physical complaints. As for the liver dysfunction experienced by claimant in December 1992, several of claimant's own experts acknowledged the possibility that this ailment was caused by the known side effects of an antipsychotic medication administered to claimant during her stay at a psychiatric hospital that month. Thus, notwithstanding the Board's finding that claimant's inhalation of paint fumes constituted an accidental injury, the record contains ample evidence to support the conclusion that claimant did not suffer from any continuing disability attributable to that accident (see generally, Matter of Perrin v Baldwinsville VF Co., 114 AD2d 548, 549; cf., Matter of Jett v Lew Mark Baking Co., 192 AD2d 895).

Finally, contrary to claimant's contention, the record contains no evidence that Building 8-A contained any air contaminants other than paint fumes which caused claimant to become disabled. Although claimant maintains that many of her symptoms first appeared after pesticides were sprayed in the building in 1990, it is noteworthy that claimant's application for benefits is based only upon the 1992 inhalation of paint fumes and there is no indication that claimant suffered from any causally related medical problem prior to that time. Given claimant's inability to identify a particular contaminant or

toxin other than paint fumes to which she was exposed during the course of her employment, substantial evidence supports the Board's conclusion that there was no other airborne substance which may have caused claimant to sustain an accident or occupational injury (*see, Matter of Freitag v New York Times,* 260 AD2d 748, 749; *Matter of Knapp v Vestal Cent. School Dist.,* 247 AD2d 667, 669-670; *Matter of Friedlander v New York City Health & Hosps. Corp.,* 246 AD2d 937, 938). Although some of claimant's experts provided testimony to suggest that claimant suffered from a permanent disability as the result of her exposure to the paint fumes and other environmental toxins at her workplace, it is well settled that resolution of conflicting medical testimony is within the province of the Board (*see, Matter of Becker v Stryco Constr. Co.,* 252 AD2d 843; *Matter of Keck v New York State Div. of Substance Abuse Servs.,* 252 AD2d 730).

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.