■ In the Matter of the Claim of MARIA CESELKA, Appellant, v KINGSBOROUGH COMMUNITY COLLEGE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [722 NYS2d 314] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed April 4, 2000, which ruled that claimant did not sustain a causally related permanent disability.

Claimant suffered a lower back injury in September 1996 when, in the course of her employment as a custodian, she felt pain while picking up a garbage can. She was ultimately found to have sustained a temporary total disability and received benefits until September 1997 when the employer ceased making payments. After a series of hearings in 1998 at which testimony was given by claimant's treating physician and a physician retained by the employer, the Workers' Compensation Law Judge (hereinafter WCLJ) rejected claimant's argument that she was permanently disabled and found that there was no causally related disability after September 5, 1997, a determination which was affirmed by the Workers' Compensation Board. Claimant appeals and we now affirm.

A review of the record indicates the following. After reviewing claimant's medical records and conducting a physical examination of her in August 1997, the employer's physician opined that a small herniated disc revealed on an MRI of her lumbosacral spine was a degenerative change, that is, a normal variant of aging unrelated to her accident. His only other findings included a limitation in claimant's range of motion and a "positive straight leg raising sign" on the left leg, which he described as subjective and within "the control of the patient." This physician found no objective findings which would indicate that the herniated disc was impinging on any nerves and concluded that claimant's back strain of September 1996 had "resolved."

While claimant's treating physician expressed a contrary opinion, it is well settled that the resolution of conflicting medical testimony is within the province of the Board and, if based

on substantial evidence in the record, will not be disturbed (*see, e.g., Matter of Gannon v New York State Dept. of Taxation & Fin.*, 275 AD2d 869, 871; *Matter of Weber v Northberry Constr.*, 261 AD2d 744, 745; *Matter of Keck v New York State Div. of Substance Abuse Servs.*, 252 AD2d 730, 731), even if there is substantial evidence in the record to support a contrary result (*see, Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820). In this regard, we note that even claimant's own treating physician, after opining that she was permanently disabled, acknowledged that nerve conduction studies performed on claimant were within normal limits.

We also reject claimant's argument that reversal of the Board's decision is warranted because her attorney was denied access to notes taken by the employer's physician during his physical examination of her. It is clear from the record that claimant's attorney asked to review these notes for the purpose of cross-examining the physician about his awareness of claimant's continuing complaints of pain and the nature of her duties as a custodian. Claimant's attorney was given ample opportunity to challenge this physician's credibility on cross-examination and indeed questioned him at length on these precise points. Moreover, the physician's medical report memorializing the results of the August 1997 examination, which is in the record, documents claimant's employment as a "cleaner," notes that this position requires her to "sit, stand, walk, bend and lift up to 40 pounds," and further notes that "claimant continues to complain of low back pain." Thus, any concern on claimant's part that this physician was unaware of the nature of her employment duties or her continuous complaints of pain when he ultimately determined that she no longer suffers from a casually related disability is unfounded.

As a final point on this issue, we note that two objective medical tests (i.e., the MRI and an EMG study) performed on claimant did not support her claim that she suffered from a permanent disability and the only proof to contradict these tests consisted of subjective complaints reported by claimant to her physician. In our view, this provides further support for the conclusion that any error in denying access to these notes does not warrant reversal of the Board's determination. In sum, claimant has failed to demonstrate that the denial of access to these notes harmed her in any appreciable way under these circumstances (*see generally, Matter of Denis v Board of Regents*, 192 AD2d 963, 967; *Matter of Amarnick v Sobol*, 173 AD2d 914, 916).

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.