■ In the Matter of the Claim of CLEMENT NOFI, Respondent, against AMERICAN CHICLE CO., INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board which found that claimant, while carrying a heavy bucket of syrup, "twisted, snapped, and sprained his foot and sustained accidental injuries to his back", causing disablement due to spondylolisthesis. Claimant's operating surgeon was called by the employer and in response to a hypothetical question denied causal relation between the accident and the spondylolisthesis. On cross-examination, however, he replied in the affirmative to the question whether there would have been relationship had claimant injured his ankle and back and felt pain in both at the same time. The assisting surgeon, also called by the employer, said that it would be "possible" for the accident to aggravate the condition of spondylolisthesis but that, if there was any relation, back pain would have been manifested sooner than the five months which the question assumed and "within weeks * * * maybe immediately, maybe a week later or so." The employer's medical expert based his denial of causation on claimant's supposed "failure to complain of any back discomfort for some time" but he said that if claimant injured his back at the time of the ankle injury "he may or he may not have sustained sufficient injury to aggravate the underlying spondylolisthesis." In resisting the finding of causation, appellant employer asserts "the crucial significance of the absence of any back complaint over a period of months". The board was entitled to find, however, that the condition which appellant's expert witnesses considered necessary to causal relation, i.e., back pain at or soon after the accident, did in fact exist; this on the board's evaluation and interpretation of claimant's testimony and on the histories taken by at least three physicians of immediate pain in the back or, in one case, a snap in the back. It may be noted further, as perhaps furnishing some support and confirmation with respect to the time element, that prior to the final and correct diagnosis and to the operation, a number of physicians diagnosed a back condition of one kind or another which some of them attributed to trauma. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.