■ In the Matter of the Claim of JOHN T. ROGERS, Respondent, v. GENERAL ANILINE AND FILM CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed May 9, 1969, awarding benefits to the claimant. The appellant does not dispute the facts that the claimant's work involving heavy lifting was unusual or strenuous exertion and that such heavy lifting aggravated the claimant's underlying congenital condition of spondylolisthesis. The appellant contends that the present record does not contain substantial evidence to support the finding of "accident". It has been held that the aggravation of the underlying condition of spondylolisthesis can constitute an industrial accident (*Matter of Nofi* v. *American Chicle Co.*, 9 A D 2d 966, mot. for lv. to app. den. 7 N Y 2d 710). However, in order to find an accident there must be an element of "suddenness" in either the cause of the disability or the result thereof. (See *Matter of Jones* v. *Curran & Co.*, 33 A D 2d 525; *Matter of Land* v. *Dudley Lbr. Co.*, 32 A D 2d 977, 978; *Matter of Greensmith* v. *Franklin Nat. Bank*, 21 A D 2d 576, 578, affd. 16 N Y 2d 973.) It has been particularly held that "evidence of a sudden, specific and identifiable event * * * is to be found in the onset of severe pain on a particular day. (*Matter of Lillis* v. *Hard Mfg. Co.*, 13 A D 2d 598, affd. 11 N Y 2d 867.)" (*Matter of Jones* v. *Curran & Co., supra.*) The congenital defect (spondylolisthesis) was described by the appellant's doctor as follows: "Two portions of the arc of the body are held together just by soft tissue, scar, in other words, and they can allow — and stretch, and allow the body of the vertebra to slide forward on the sacrum because it wasn't originally attached to the posterior element." In his opinion the symptoms would result from the following: " It's a weak spot in your vertebral column. It does not stand stresses and strains of a normal conformation and can produce symptoms to degrees, one, because of the slipping forward, and the other, the gradual nature of trying to hold it together by producing more and more scar, and some eventually end up with nerve root pain because of the excess scarring of nature trying to hold it together, which this patient does not have." Based upon the foregoing description of the spondylolisthesis and the way in which it can cause disability it appears that the pain suffered by the claimant must have resulted from the fact that his lifting caused the vertebra to move. Under such circumstances, the cases relied upon by the appellant and dealing with the aggravation of an underlying disease are inapplicable. The claimant testified that he had not suffered any back pain prior to January 26, 1968 and that the resultant pain caused him to be unable to return to work until the following April. The appellant's doctor upon being asked if he could "pinpoint when this aggravation or progression began" replied: "When it began is when he began to get symptoms practically is the only way you can look at it." The

record in its entirety contains substantial evidence to support the conclusion that on January 26, 1968 the claimant's work effort resulted in the movement of a vertebra which produced a disabling pain. It is apparent that the condition of spondylolisthesis is not a totally disabling condition per se and that the work effort on January 26, 1968 did cause total disability. The failure of the board to find that the accident happened on January 26, 1968 does not require a reversal upon the present record. Decision affirmed, with costs to respondent Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.