■ In the Matter of the Claim of LILLIAN LYNCH, Respondent, v ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J.

Claimant was employed as a typist for the Rockland County Department of Social Services. On May 8, 1981, she and co-workers were moved to the second floor of her employer's offices while renovations of the building were taking place. She had a preexisting arthritic condition which, however, had only resulted in a loss of five work days in the preceding 2½ years. It rained extensively immediately following this move. Due to the condition of the roof and room ceiling, large quantities of water leaked into claimant's work place and water collected in puddles on the floor. Claimant experienced an aggravation of her arthritic condition, which her physician linked to the dampness to which she was exposed. That June, at her request and upon the written advice of her physician, she was moved to another room, the ceiling of which did not leak. However, during September 1981, a month she described as being unseasonably cold, claimant was exposed to drafts of cold air from a broken window in her office at a time when the building was unheated. In the next several months, although the building was heated, the window was not repaired and dampness continued because of leaks and collection of water in the hallway of the building. As a result of all of the foregoing conditions, claimant suffered recurrent, totally disabling episodes of arthritis in May and September 1981 and January 1982, finally leading to surgery and the termination of her employment. She submitted medical evidence establishing the requisite causal relationship.

Contrary to her employer's position on this appeal, the

Workers' Compensation Board could properly find that claimant suffered a compensable accidental injury on the basis of the evidence submitted at the hearing. The seriously adverse climatic conditions to which claimant was subjected at her office could reasonably be considered a " 'special increase and unusual hazard * * * identified in space and time' " (Matter of Dotola v Hill, 257 App Div 870, 871, lv denied 281 NY 675, 885). The "repeated trauma" of that exposure causing the aggravation of her illness satisfies the "concept of time-definiteness required of an accident" (Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130, 135). Moreover, the several onsets of severe aggravation, each characterized by medical experts as a "flare-up" and elsewhere in the record as an "attack" of her arthritis, wherein the swelling of her extremities were described by a coemployee as so severe so as to appear "almost grotesque", also can be considered sufficiently time-definite results to satisfy the requirements of the concept of accident (see, Matter of Middleton v Coxsackie Correctional Facility, supra; Matter of Pessel v Macy & Co., 40 AD2d 746, affd 33 NY2d 721; Matter of Greensmith v Franklin Natl. Bank, 21 AD2d 576, 577-578, affd 16 NY2d 973).

Decision affirmed, with one bill of costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.