■ In the Matter of the Claim of VERONICA JOHANNESEN, Respondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed March 21, 1988.

Claimant was employed as an office assistant by the City of New York when, in 1981, she was assigned to work for the city's Department of Housing Preservation and Development (hereinafter the employer). The office in which claimant worked consisted of one large room which was crowded with many desks and file cabinets so that the employees worked in very close proximity to one another. According to claimant, she was surrounded by coemployees who smoked cigarettes and many of the file cabinets located near her desk were old and very dusty. Over a period of several years, claimant contends that she began suffering from bronchial asthma as a result of her exposure to the tobacco smoke and dust in the office. Claimant filed for workers' compensation benefits and, following a hearing, the Workers' Compensation Law Judge

(hereinafter WCLJ) found that claimant suffered from a compensable occupational disease and made an award of benefits.

The Workers' Compensation Board rescinded the decision of the WCLJ and found instead that claimant had sustained an accidental injury as a result of the repeated trauma of exposure to cigarette smoke. The Board further ordered that the case be remitted for further development of the record on claimant's average weekly wage and period of lost time. This appeal by the employer ensued.

The employer's first contention on appeal is that an award of workers' compensation benefits is precluded by the recent Court of Appeals decision in *Matter of Mack v County of Rockland* (71 NY2d 1008, *affg* 128 AD2d 922). We find *Mack* to be inapposite since that case addressed only whether the claimant had succeeded in proving that she suffered from an occupational disease.

The employer also contends that the Board's determination is not supported by substantial evidence. We disagree. The record contained the uncontroverted testimony of claimant and a coemployee which indicated that the office was severely overcrowded, lacked adequate ventilation, and that the majority of employees in the immediate vicinity of claimant's work station were smokers. Based on the foregoing, the Board could properly find that the concentration of smoke at claimant's work station constituted an unusual environmental hazard. In addition, the medical reports from both claimant's treating physicians and the employer's medical consultant indicated that claimant's condition was aggravated by her repeated exposure to cigarette smoke at work. Moreover, there was evidence that during one week in January 1986, claimant suffered two severe asthma attacks which required that she be taken from work to the emergency room of a local hospital. These episodes represent a definite time when claimant's condition became disabling sufficient to find that she had sustained an accidental injury *(see, Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130, 135; *Matter of Lynch v Rockland County Dept. of Social Servs.,* 124 AD2d 430, 431). Accordingly, there should be an affirmance.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.