OPINION OF THE COURT
 

 Bellacosa, J.
 

 The determinative issue on this municipal, self-insurer, employer’s appeal is whether claimant’s bronchial asthma, aggravated by exposure to excessive amounts of secondhand cigarette smoke in a confined work environment, constitutes an accidental injury compensable under the Workers’ Compensation Law. The Workers’ Compensation Board found an accidental injury and the Appellate Division affirmed. Because the decision accords with established precedents and is supported by substantial evidence, we affirm.
 

 1
 

 The facts are essentially uncontroverted. Claimant, Veronica Johannesen, was an office assistant for the City of New York when, in 1981, she was assigned to work at the City’s Department of Housing Preservation and Development. The office in which claimant worked consisted of one large room for approximately 50 employees, at least half of whom smoked cigarettes. The room was crammed with desks and file cabinets, so that the employees worked in close proximity to one another. The windows were kept closed because of smoke from the kitchen of a restaurant located below the office. Also, the office ventilation system did not function properly. A coemployee, who worked on the same office floor as claimant, confirmed claimant’s factual allegations.
 

 By 1983, claimant began wheezing and coughing at work. Her breathing worsened and, in January 1985, she was diagnosed as suffering from bronchial asthma aggravated by exposure to the tobacco smoke and dust in the workplace. Her treating physician recommended that she work only in a smoke-free environment. Claimant’s transfer requests, however, were repeatedly denied.
 

 In 1985, claimant sought workers’ compensation benefits based on her asthmatic episodes of wheezing, coughing and spitting. Prior to the administrative hearing, in January 1986, claimant experienced two sudden and traumatic asthmatic attacks at work. On both occasions she was rushed to a hospital for emergency medical treatment and assistance for her breathing difficulty.
 

 
 *134
 
 At the hearing, medical reports documented that claimant was first treated in 1983 for breathing difficulties and that her exposure to secondhand cigarette smoke at her office aggravated her condition. The Workers’ Compensation Law Judge found that claimant suffered from a compensable occupational disease and made an award. On appeal, the Workers’ Compensation Board rescinded the Administrative Law Judge’s rationale, found instead that claimant had sustained an accidental injury as a result of repeated trauma of exposure to passive cigarette smoke, and restored the case to the Workers’ Compensation Trial Calendar. The Appellate Division affirmed, stating that the Board’s determination of accidental injury was supported by the record (154 AD2d 753). We granted leave to appeal from the final decision of the Workers’ Compensation Board and now affirm that decision and the order of the Appellate Division brought up for review.
 

 IL
 

 The Workers’ Compensation Law was enacted for socioeconomic remediation purposes "as a means of protecting workers] and their dependents from want in case of injury” on the job
 
 (Matter of Post v Burger & Gohlke,
 
 216 NY 544, 553;
 
 see, Surace v Danna,
 
 248 NY 18, 20-21). An employee is entitled to receive compensation on a "no-fault” basis for all injuries "arising out of and in the course of the employment” (Workers’ Compensation Law § 10 [1];
 
 see also,
 
 § 2 [7]; § 21;
 
 Matter of Wood v Laidlaw Tr.,
 
 77 NY2d 79, 82). Under Workers’ Compensation Law §2 (7), "injury” and "personal injury” means only "accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom”. To effectuate the statutory objectives, Workers’ Compensation Law § 21 (1) creates a presumption that injuries "arising out of and in the course of’ employment are compensable under section 10 (1) as "accidents”
 
 (Matter of Richardson v Fiedler Roofing,
 
 67 NY2d 246, 251). Moreover, given the remedial nature of the Workers’ Compensation Law, the Court has construed the statute and given the Board, as "trier[ ] of the facts”, a very wide latitude in determining whether a disabling condition is an accident
 
 (Matter of Middleton v Coxsackie Correctional Facility,
 
 38 NY2d 130, 135;
 
 see, Matter of Holcomb v Daily News,
 
 45 NY2d 602, 607;
 
 Matter of Wolfe v Sibley, Lindsay & Curr Co.,
 
 36 NY2d 505, 508). In particular, the Court has noted also that
 
 *135
 
 an accidental injury must be gouged by the "common-sense viewpoint of the average [person]”
 
 (Matter of Middleton v Coxsackie Correctional Facility,
 
 38 NY2d 130, 134,
 
 supra; Matter of Masse v Robinson Co.,
 
 301 NY 34, 37).
 

 On this appeal, the causal relationship between claimant’s inhalation of the secondhand tobacco smoke and the aggravation of her bronchial asthma is not disputed. In addition to claimant’s proof, the employer’s own medical expert confirmed the existence of claimant’s obstructive lung disease and concluded that her work environment aggravated her asthma condition. Thus, the sole focus of this Court’s law question inquiry is whether claimant sustained an accidental injury within the meaning of the Workers’ Compensation Law.
 

 IIL
 

 Appellant Department of Housing Preservation and Development mounts a three-pronged attack against claimant’s case qualifying as an "accidental injury”. First, citing
 
 Matter of Mack v County of Rockland
 
 (71 NY2d 1008), the appellant employer argues that routine exposure to tobacco smoke in the work environment did not constitute an "accidental injury” in the early 1980s, though it acknowledges that it does today. Second, the Department asserts that the average person would not view claimant’s bronchial asthma as an "accidental injury” because the asthma condition is solely an allergic or other type of sensitivity reaction to an everyday environmental condition and did not occur in an unexpected or unusual circumstance. Lastly, appellant asserts that even if the circumstances are deemed an "accident,” the evidence is legally insufficient as to the "time-definiteness” component affixed under
 
 Matter of Middleton v Coxsackie Correctional Facility
 
 (38 NY2d 130, 137,
 
 supra).
 

 Matter of Mack v County of Rockland
 
 (71 NY2d 1008,
 
 supra)
 
 does not aid or support appellant’s cause. That case is an "occupational disease” case and this one is an "accidental injury” case. A different analysis applies here.
 

 In
 
 Mack,
 
 the claimant, a psychiatric social worker, suffered an aggravation of a preexisting eye disorder as a result of exposure to cigarette smoking in a poorly ventilated workplace. The Court affirmed an order of the Appellate Division which dismissed the claim that she suffered an "occupational disease” within the meaning of the Workers’ Compensation Law
 
 (see,
 
 Workers’ Compensation Law § 3 [2]). The Court held
 
 *136
 
 that because the claimant’s injury was caused solely by the "environmental condition[ ] of her work place,
 
 not by any distinctive feature of the occupation of a psychiatric social worker”,
 
 the claimant could not maintain a claim based on occupational disease
 
 (id.,
 
 at 1009 [emphasis added]). The focus of an "occupational disease” claim is on the nature of the work
 
 (see,
 
 Workers’ Compensation Law §2 [15]), not the nature of the workplace environment. Accordingly, denial of a claim in the occupational disease category is not definitive for an accidental injury in the workplace category
 
 (see, Matter of Middleton v Coxsackie Correctional Facility,
 
 38 NY2d, at 134,
 
 supra).
 

 The term of art, accidental injury, lacks a statutory definition and, thus, requires a distinctive analysis and tracking of pertinent precedents. An accidental injury need not result suddenly or from the immediate application of some external force but may accrue gradually over a reasonably definite period of time
 
 (see, Matter of Middleton v Coxsackie Correctional Facility, supra).
 
 There, a correction officer contracted tuberculosis through exposure, over a period of three or four months for two or three hours a day, to an infected, coughing inmate. In holding that the claimant’s tuberculosis was an accidental injury, the Court in
 
 Middleton
 
 relied on
 
 Matter of Pessel v Macy & Co.
 
 (40 AD2d 746,
 
 affd
 
 33 NY2d 721), where we held that a claimant’s exposure to repeated bursts of cold air over a period of three months, which activated an underlying arthritic condition, was an accidental injury
 
 (see also, Matter of Greensmith v Franklin Natl. Bank,
 
 21 AD2d 576,
 
 affd
 
 16 NY2d 973). Gradual injury was also recognized as a compensable disability accident in
 
 Matter of Michelfelder v Van Alstyne
 
 (217 App Div 810,
 
 affd
 
 245 NY 569), where a garage mechanic, while in the course of his employment, routinely inhaled carbon monoxide gas from which he developed bronchitis
 
 (see also, Matter of Reichard v Franklin Mfg. Co.,
 
 223 App Div 797,
 
 affd
 
 249 NY 525).
 

 In the present case, claimant’s bronchial condition progressively worsened from 1981 to 1986. The injury may have been gradual, but the record substantiates that her working environment was highly dangerous for her and aggravated her asthma. Professor Larson has noted that "most jurisdictions have at some time awarded compensation for conditions that have developed, not instantaneously, but gradually over periods ranging from a few hours to several decades, culminating
 
 *137
 
 in disability from * * * asthma” (IB Larson, Workers’] Compensation Law § 39.10, at 7-384 [1993]).
 

 Appellant, citing
 
 Matter of Lerner v Rump Bros.
 
 (241 NY 153, 156), interjects, however, that the absence of a "catastrophic or extraordinary” event disqualifies these events from the accidental injury category. While exposure to cigarette smoke in our society and in workplaces may have been and still is relatively endemic, the facts surrounding this claimant’s exposure, even from
 
 Middleton’s
 
 "common sense” viewpoint of the average person, demonstrate an exacerbative and excessive quality. Claimant was required to work in an unventilated office and forced to share the polluted atmosphere with numerous smokers, who were all around her. She was allowed no alternative but to inhale the dense, dangerous and debilitative smoke-filled air. Graphically, she suffered two bronchial breakdowns at work requiring emergency medical attention. Claimant worked in an office where the tools of her trade are papers, pens, files, computers and telephones. Cigarette smoke is surely not a natural by-product of the Department of Housing Preservation and Development’s activities and her employment role. Thus, unlike
 
 Lerner,
 
 this risk was not a commonly understood, ordinary incident to the environmental workplace. Just as the Court rejected the employer’s contention in
 
 Matter of Gardner v New York Med. Coll.
 
 (280 App Div 844,
 
 affd
 
 305 NY 583), that a sneeze could not be an "accident” because people normally sneeze, we reject this employer’s assertion that exposure to tobacco smoke was not an accident essentially because many people still smoke. The seriously adverse environmental conditions to which claimant was subjected as part of her job and workplace reasonably qualify as an unusual hazard, not the "natural[ ] and unavoidable]” result of employment (Workers’ Compensation Law § 2 [7]).
 

 We are also satisfied that the severe bronchial aggravation, reflected among other facets of this case, by two on-the-job asthma episodes, requiring immediate emergency medical attention, met the time-definite component of the accidental injury rule
 
 (see, Middleton, supra,
 
 at 135). We perceive no legally cognizable distinction between this claimant’s "attack” following years of exposure to excessive levels of secondhand cigarette smoke in her workplace and the now quintessential cardiac collapse cases ensuing from extended periods of strain for which awards are customarily upheld
 
 (see, e.g., Matter of
 
 
 *138
 

 Schechter v State Ins. Fund,
 
 6 NY2d 506;
 
 Matter of Masse v Robinson Co.,
 
 301 NY 34,
 
 supra).
 

 Claimant’s predisposition with an asthma condition does not change the analysis or result. It is well settled that where causally related injuries from a claimant’s employment precipitate, aggravate or accelerate a preexisting infirmity or disease, the resulting disability is compensable
 
 (see, e.g., Matter of McCormick v Green Bus Lines,
 
 29 NY2d 246;
 
 Matter of Masse v Robinson Co.,
 
 301 NY 34, 37,
 
 supra
 
 ["(a) heart injury such as coronary occlusion or thrombosis when brought on by overexertion or strain in the course of daily work is compensable, though a pre-existing pathology may have been a contributing factor”];
 
 Matter of Lynch v Rockland County Dept, of Social Servs.,
 
 124 AD2d 430 [aggravation of arthritic condition];
 
 Matter of Rogers v General Aniline & Film Corp.,
 
 33 AD2d 1074;
 
 Matter of Nofi v American Chicle Co.,
 
 9 AD2d 966,
 
 lv denied
 
 7 NY2d 710 [aggravation of spondylolisthesis]).
 

 Appellant employer urges additional cases
 
 (for example, Barrencotto v Cocker Saw Co.,
 
 266 NY 139;
 
 Matter of Lanphier v Air Preheater Corp.,
 
 278 NY 403;
 
 Matter of Vaughn v Bushwick Iron & Steel,
 
 9 NY2d 727) to support its view that claimant’s bronchial asthma was not an accidental injury. These cases require no extended discussion or analysis because they are plainly distinguishable on their facts and on distinctive legal principles involved.
 

 Finally, in a policy-based argument, appellant suggests that recovery here will open floodgates and make every allergic reaction, common cold or ordinary ailment compensable. This argument is often advanced when precedent and analysis are unpersuasive. It is unavailing in this case
 
 (see, e.g., Matter of Wood v Laidlaw Tr., 'll
 
 NY2d 79, 82-83,
 
 supra; Matter of Wolfe v Sibley, Lindsay & Curr Co.,
 
 36 NY2d 505, 514,
 
 supra).
 
 The holding in this case does not change existing criteria and legal principles for determining whether a work-related and work-site injury is accidental. Claimants are still required to make showings of unusual environmental conditions or events assignable to something extraordinary that caused an accidental injury. This claimant did so to the satisfaction of the Board and each court that has reviewed the matter. Standard preexisting legal tests were met in this case and substantial evidence supports the Board’s determination that claimant’s disabling and aggravated asthmatic condition, caused by prolonged exposure to secondhand cigarette smoke in her con
 
 *139
 
 fined employment workplace, constituted an accidental injury within the meaning and intent of the Workers’ Compensation Law. The award should be upheld.
 

 Accordingly, the decision of the Workers’ Compensation Board appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith and Ciparick concur; Judge Levine taking no part.
 

 Decision of the Workers’ Compensation Board appealed from and order of the Appellate Division brought up for review affirmed, with costs.