■ In the Matter of the Claim of ARLENE A. RAKOWSKI, Appellant, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [663 NYS2d 428] —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed May 14, 1996, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, a labor service representative, was employed by the Department of Labor from 1975 until April 1991. Soon after beginning her employment, claimant suffered from, *inter alia*, headaches, dizziness, nausea and slurred speech. In addition, claimant suffered from a preexisting allergy condition for which she received continuous treatment.

Claimant applied for workers' compensation benefits after experiencing extreme dizziness, headaches and nausea on April 24, 1990 and May 22, 1990. She attributed these ailments to the poor ventilation system at her workplace and sought medical attention. In June 1990, claimant was diagnosed with "sick building syndrome" resulting from the poor air quality and ventilation at her workplace. Claimant stopped working in April 1991.

Following an administrative hearing, a Workers' Compensation Law Judge found that claimant suffered an accidental injury and awarded her benefits. On appeal, the Workers' Compensation Board reversed, finding instead that, *inter alia*, there was no testimony regarding "any untoward event, occurrence, or change in [claimant's] normal work environment" to constitute an accidental injury. Claimant appeals.

Although an accidental injury may accrue gradually over a reasonably definite period of time, a claimant must still establish unusual environmental conditions or events assignable to something extraordinary which caused an accidental injury (*see, Matter of Johannesen v New York City Dept. of Hous.*

*Preservation & Dev.*, 84 NY2d 129, 136-138). Whether an incident constitutes an accidental injury is determined by the " 'common-sense viewpoint of the average [person]' " (*id.*, at 135, quoting *Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 134). In addition, a claimant must establish a time-definiteness of an accident which can apply "to either the cause or the result, so that there can be a compensable accident where there is an exposure to a condition over a protracted period during which the [claimant] succumbs to a disease culminating in a relatively sudden collapse" (*Matter of Middleton v Coxsackie Correctional Facility, supra*, at 135).

Here, there is no indication that claimant suffered any extraordinary event or injury on the dates specified in her application for benefits (*see generally, Matter of Vernoia v National Council on Compensation Ins.*, 147 AD2d 863, *lv denied* 74 NY2d 608; *cf., Matter of Greensmith v Franklin Natl. Bank*, 21 AD2d 576, *affd* 16 NY2d 973). To the contrary, claimant had been experiencing these symptoms since 1975. Claimant's treating physician since 1979 diagnosed her with chronic fatigue syndrome on April 24, 1990 and testified that he found nothing remarkable upon examining claimant. He also testified that there was no indication in his notes that claimant could or could not work, but that he would have noted in the medical records if any inability to work was present. It was not until after claimant filed her application for workers' compensation benefits that she suffered an injury diagnosed as "sick building syndrome" resulting from the poor ventilation system and the low air quality at her workplace. Under these circumstances, and recognizing the Board's wide latitude in determining whether an accidental injury exists (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev., supra*, at 134), we are compelled to find that substantial evidence supports the Board's finding that claimant failed to establish an accidental injury. Furthermore, we reject claimant's alternative assertion that her condition qualifies as an occupational disease inasmuch as the record clearly establishes that the condition did not arise from the nature of the work (*see, id.*, at 135-136).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.