■ In the Matter of the Claim of VERA FRIEDLANDER, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 847] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed October 30, 1996, as amended by decision filed May 7, 1997, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant was hired by New York City Metropolitan Hospital (hereinafter the employer) as the Associate Director of Human Resources on July 23, 1990. Prior to accepting the position, claimant informed the employer that she suffered from environmental sensitivities which were induced by, *inter alia*, air conditioning, cold and drafts; she conditioned her acceptance of the job on the employer's promise to seal the air vents to her office. The employer complied with her request; however, the air vents were part of a central air conditioning system which also served a second office. In October 1990, after several employees in the second office complained about the lack of proper air circulation, the vents in claimant's office were unsealed.

Claimant thereafter began to experience nose bleeds that she attributed to the air conditioning which aggravated her preexisting environmental sensitivities. Claimant continued to work until November 30, 1990, when her job was terminated due to budget cuts, an occurrence which she claimed coincided with her decision to leave her position because of the nose bleeds. Claimant's 1992 application for workers' compensation

benefits was denied on the ground that her disabling reaction to the normal functioning of her employer's air conditioning system did not constitute an accidental injury under the Workers' Compensation Law. Claimant appeals.

The Workers' Compensation Law provides for compensation to a disabled claimant upon a showing that there was an accidental injury which arose out of and in the course of employment (*see*, Workers' Compensation Law § 2 [7]; § 10 [1]). The Workers' Compensation Board, as the trier of facts, has broad latitude in determining whether a disabling condition is an "accident" within the meaning of the statute, a determination which is "gauged by the 'common-sense viewpoint of the average [person]'" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 135, quoting *Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 134). In order to establish an "accident" within the meaning of the Workers' Compensation Law, there must be, among other things, proof of an unusual environmental condition or event, assignable to something extraordinary, which caused the condition (*see*, *Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, *supra*, at 138; *Matter of Lerner v Rump Bros.*, 241 NY 153, 155).

Upon our review of the record, we find substantial evidence to support the Board's decision and, accordingly, affirm. The documentary and testimonial evidence presented by the employer sufficiently rebutted the presumptions contained in Workers' Compensation Law § 21. The Board acted within its province by accepting the medical opinion of the employer's expert who disputed claimant's diagnosis of multiple chemical and environmental sensitivities and who, based upon his examination of claimant and a review of her medical records, found no physiological cause for her condition and opined that claimant was capable of working. Moreover, the record fails to disclose any unusual environmental condition or extraordinary event which is alleged to have caused claimant's injury. In view of the foregoing, we cannot say that the Board acted irrationally in concluding that the normal air flow in claimant's office did not create or subject her to a seriously adverse environmental condition or in finding that her reaction to it was not an accidental injury within the meaning of the Workers' Compensation Law (*see*, *Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020; *cf.*, *Matter of Kozlowski v Howard Sober, Inc.*, 234 AD2d 725).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.