■ In the Matter of the Claim of ANDREA BAXTER, Respondent, v BRISTOL MYERS et al., Appellants, and SPECIALTY DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [672 NYS2d 970] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 20, 1995, which ruled that claimant sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

Claimant, a dietary aide, was employed by Bristol Myers from March 1987 until October 1991. On her employment application claimant indicated that she suffered from hayfever and certain allergies. Shortly after commencing employment, however, claimant began experiencing, for the first time, shortness of breath, nausea, severe headaches and dizziness. In January 1991 and October 1991, claimant endured two on-the-job episodes during which she had severe allergic reactions that she attributed to her exposure to chemical fumes.

A Workers' Compensation Law Judge granted claimant's 1992 application for workers' compensation benefits, finding that claimant suffered an accidental injury by being exposed to chemical fumes at work. Upon review the Workers' Compensation Board affirmed, finding that claimant's work environment aggravated her preexisting allergic sensitivities and pulmonary condition resulting in an accident on January 10, 1991. The employer and its workers' compensation insurance carrier appeal.

Upon our review of the record and recognizing the Board's wide latitude in determining whether a disabling condition is an accident (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 134), we find that substantial evidence supports the Board's finding that claimant established an accidental injury and, accordingly, affirm. An accidental injury "need not result suddenly or from the immediate application of some external force but may accrue

gradually over a reasonably definite period of time" (*id.*, at 136).

Claimant's preexisting condition progressively worsened from 1987 to 1991. Although the injury was gradual, with claimant's first severe episode occurring on January 10, 1991, the record amply demonstrates that claimant's work environment, in which she was expected to walk through rising chemical fumes and pour water into drains backed up with chemicals, aggravated her condition. The documentary and testimonial evidence reveals that claimant had an identifiable preexisting pulmonary condition prior to working for the employer (*see, Matter of Lynch v Rockland County Dept. of Social Servs.*, 124 AD2d 430; *cf., Matter of Vernoia v National Council on Compensation Ins.*, 147 AD2d 863, *lv denied* 74 NY2d 608) and that she was diagnosed prior to applying for benefits (*cf., Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, 1021, *lv denied* 91 NY2d 807). We find these facts sufficient to satisfy the time-definite component of the accidental injury rule (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, *supra*, at 137).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.