■ In the Matter of the Claim of CHARLA KECK, Appellant, v NEW YORK STATE DIVISION OF SUBSTANCE ABUSE SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 400] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed June 6, 1997, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant was employed as a Senior Budgeting Analyst by the State Division of Substance Abuse Services when she was exposed for approximately five weeks to tobacco smoke emanating from the pipe of a co-worker.* Claimant averred that this exposure exacerbated her multiple chemical sensitivities condition causing her to suffer from sore throats, difficulty in breathing, headaches and nausea. Based upon its review of the record, however, the Workers' Compensation Board denied claimant's application for benefits, ruling that she had not sustained an "accident" within the meaning of the Workers' Compensation Law and that she did not, in any event, sustain a causally related disability. We affirm.

To establish the happening of an "accident" in the context of his or her employment, a claimant must demonstrate "unusual environmental conditions or events assignable to something extraordinary which caused an accidental injury" (*Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, *lv denied* 91 NY2d 807). In our view, no such extraordinary event occurred in this case (*cf.*, *Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129). After claimant registered complaints regarding the tobacco smoke,

---

* At the end of the five weeks, a no-smoking policy went into effect throughout claimant's office.

the pipe-smoking employee was permitted to smoke only in his office with the door closed. Claimant was allowed to do her work in her supervisor's office and was given flexible work hours enabling her to be in the office when the pipe-smoker was not there.

Vincent Beltrani, a physician specializing in the fields of allergies and immunology, testified on behalf of the employer's workers' compensation carrier that his examination of claimant disclosed that her physical complaints were entirely subjective in nature, eluding any objective methods of evaluation. Beltrani further noted that while he was unable to determine the cause of claimant's malady, he deemed her resulting disability "relatively mild" and suggested that the slight obstructive pulmonary impairment from which claimant suffered as well as her sensitivity to tobacco smoke could be explained by her own six-year history of smoking two packs of cigarettes per week. While claimant's expert medical witnesses expressed contrary opinions, the resolution of such conflicts in medical proof lies within the province of the Board (*see, Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801). As substantial evidence supports the Board's decision, it will not be disturbed.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.