■ In the Matter of the Claim of Lois RICH, Respondent, v PACE UNIVERSITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [703 NYS2d 565] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed October 29, 1998, which ruled that claimant sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

After undergoing treatment for severe headaches in October 1992, claimant applied for workers' compensation benefits claiming that she was exposed to air pollutants in the graduate admissions office where she worked. Following a hearing, the Workers' Compensation Board ruled that claimant's headaches were causally related to exposure to carbon monoxide at her workplace and, upon finding that claimant sustained an accidental injury arising out of and in the course of her employment, awarded workers' compensation benefits. The employer and its workers' compensation insurance carrier appeal.

To establish the occurrence of an accident arising out of and in the course of employment in this matter, claimant must

demonstrate "unusual environmental conditions or events assignable to something extraordinary which caused an accidental injury" (*Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, 1020, *lv denied* 91 NY2d 807). An accidental injury, however, "need not result suddenly or from the immediate application of some external force but may accrue gradually over a reasonably definite period of time" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136).

In our view, the record contains ample evidence of accidental injury. Claimant testified that her office is located directly above three levels of a parking garage and adjacent to another level of parking. She stated that she began working in the building in 1988 and started to experience headaches, fatigue and other symptoms about a year later. She indicated that when her symptoms began to worsen in October 1992, she sought medical treatment and Edkardt Joanning, a physician specializing in occupational medicine, diagnosed her with "[c]entral nervous system toxicity secondary to indoor contamination most likely carbon monoxide". He advised claimant's employer to assign her to another work location. Claimant was relocated to a different building from November 1992 to February 1993 and during that time felt fine.

The only competent evidence of the building's air quality was a report based upon a September 1992 survey which revealed low levels of carbon monoxide within acceptable occupational exposure limits. The report, however, noted that chronic exposure to such low levels of carbon monoxide can produce the symptoms described by claimant and other workers. Recognizing the wide latitude afforded the Board in determining whether a disabling condition constitutes an accidental injury (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev., supra*, at 134), and considering the common-sense viewpoint to be applied in making the determination (*see, id.*, at 135), we conclude that the Board's finding of an accidental injury is supported by substantial evidence and is affirmed (*compare, Matter of Baxter v Bristol Myers*, 251 AD2d 753, *with Matter of Keck v New York State Div. of Substance Abuse Servs.*, 252 AD2d 730).

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.