■ In the Matter of the Claim of JOSEPH SIDARIS, Respondent, v BROOKHAVEN MEMORIAL HOSPITAL et al., Appellants.

WORKERS' COMPENSATION BOARD, Respondent. [706 NYS2d 775] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed October 22, 1998, which, *inter alia*, ruled that claimant sustained a causally related disability and awarded workers' compensation benefits.

On March 6, 1996, claimant, an environmental service worker, twisted his back as he stood up and attempted to leave a crowded meeting. The Workers' Compensation Board granted claimant's subsequent application for workers' compensation benefits, finding that claimant's injury aggravated his preexisting back condition and constituted an accident arising out of and in the course of claimant's employment. The employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) appeal.

We reject the employer's contention that claimant's disability was not accidental because it did not result from an extraordinary environmental condition and was due to a preexisting condition which was active prior to the March 6, 1996 injury. Claimant was not required to submit proof that the injury resulted from an unusual and extraordinary environmental condition inasmuch as the injury occurred suddenly rather than gradually over a period of time (*compare, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136; *Matter of Knapp v Vestal Cent. School Dist.*, 247 AD2d 667, 669). Moreover, while the record reveals that claimant's preexisting back condition was active to the extent that he suffered pain prior to March 6, 1996, the proper inquiry is whether claimant's employment acted upon the preexisting condition "in such a way as to cause a disability which did not previously exist" (*Matter of Williams v Boll*, 184 AD2d 881).

Here, the record indicates that the preexisting back condition did not cause claimant to seek medical treatment or to lose any significant time from work. In addition, the record contains medical evidence indicating that claimant suffered an acute change in his condition following the March 6, 1996 injury. In view of this evidence and the Board's wide latitude in determining whether a disabling condition constitutes an accident (*see, Matter of Baxter v Bristol Myers*, 251 AD2d 753; *Matter of Friedlander v New York City Health & Hosps. Corp.*, 246 AD2d 937), we find that substantial evidence supports the Board's decision that claimant suffered an accidental injury.

Spain, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.