■ In the Matter of the Claim of HAZEL DEMIR, Respondent, v TAXI AND LIMOUSINE COMMISSION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [708 NYS2d 731] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 29, 1998, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In November 1992, after working for the employer for several years, claimant was transferred to the position of file clerk where her duties primarily consisted of filing 300 to 400 documents per day in addition to alleviating the backlog of several thousand unfiled documents. In March 1993, claimant was diagnosed with an internal derangement of the right knee which she alleged gradually developed as the result of the repetitive bending and kneeling involved in filing documents in the bottom two rows of the filing cabinet drawers. The Workers' Compensation Board ruled that claimant sustained an accidental injury as the result of the repeated trauma of kneeling and that claimant's knee condition was causally related to her employment. The employer appeals.

We reverse. First addressing the issue of whether claimant sustained an accident, we note that within the meaning of the Workers' Compensation Law, an injury which does not result suddenly or from the immediate application of some external force may nonetheless constitute an "accidental injury" if it gradually develops over a reasonably definite period of time as the result of "unusual environmental conditions or events assignable to something extraordinary" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 138; *see, Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 134; *Matter of Knapp v Vestal Cent. School Dist.*, 247 AD2d 667; *Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, *lv denied* 91 NY2d 807). Here, we cannot conclude that the physical placement of the file cabinets subjected claimant to "a seriously adverse environmental condition" (*Matter of Friedlander v New York City Health & Hosp. Corp.*, 246 AD2d 937, 938) or that her repeated act of kneeling to reach the lower file cabinet drawers was so unexpected or unusual so as to render her knee condition an accidental injury (*see generally, Matter of Bruzdowski v Coleco Indus.*, 30 AD2d 886). Rather, the record discloses that the risk created by claimant's filing activities was a "commonly understood, ordinary incident" of her employment (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev., supra*, at 137).

Accordingly, we find that the evidence relied upon by the Board in support of its decision that claimant sustained an accidental injury does not satisfy the requirements of substantial evidence. In light of our determination, we need not reach the issue of whether claimant's injury was causally related to her employment.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.