■ In the Matter of the Claim of PAUL A. OCHSNER, Respondent, v NEW VENTURE GEAR, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [710 NYS2d 443] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed May 7, 1998, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment and awarded him workers' compensation benefits.

Claimant, a machine operator, filed a claim for workers' compensation benefits alleging that he developed a disabling

condition in his left leg as the result of standing on a concrete floor at work for nearly eight hours per day. Finding that the stress of performing his job in a standing position acted upon claimant's preexisting diabetes and caused him to develop phlebitis in his left leg, the Workers' Compensation Board ruled that claimant sustained an accidental injury arising out of and in the course of his employment. The employer appeals.

Unless the determination that claimant's injury was caused by a work-related accident is not supported by substantial evidence, it must be affirmed (*see, Matter of Gates v McBride Transp.*, 60 NY2d 670). With respect to the finding of accidental injury, the Board is entitled to wide latitude and it is well settled that it may classify an injury as accidental even when it did not arise as a result of a specific traumatic event but accrued gradually over a reasonably definite period of time (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136; *see, e.g., Matter of DePaoli v Great A & P Tea Co.*, 257 AD2d 912, *affd* 94 NY2d 377; *Matter of Baxter v Bristol Myers*, 251 AD2d 753). Moreover, the fact that the injury relates to a preexisting condition will not preclude the claimant from obtaining relief where it is demonstrated that the claimant's employment exacerbated the condition " ' "in such a manner as to cause a disability which did not previously exist" ' " (*Matter of Di Fabio v Albany County Dept. of Social Servs.*, 162 AD2d 775, 776, quoting *Matter of Pezzolanti v Green Bus Lines*, 114 AD2d 553, 554, quoting *Matter of Perez v Pearl Wick Corp.*, 56 AD2d 239, 241; *see, Matter of Geed v Sullivan County Sheriff's Dept.*, 266 AD2d 594; *Matter of Baxter v Bristol Myers, supra*).

In this case, claimant, an insulin-dependent diabetic who had worked as a machine operator for more than 15 years without similar incident, offered evidence that he developed phlebitis in his left leg in April 1994 caused by prolonged standing on a concrete floor in the performance of his job duties. His physician's testimony revealed that claimant's work environment contributed to the aggravation of the medical condition to the extent that by September 1994, he found claimant totally disabled and unable to continue his employment. We further note that the employer's internist agreed that claimant was "permanently and markedly disabled" and acknowledged that persistent standing had worsened claimant's condition, particularly cellulitis, although he attributed only 10% of claimant's disability to "the aggravation of long periods of standing". Upon review of the entire record, we find there was substantial evidence to support the Board's conclusion that

claimant sustained an accidental injury sufficiently definite in time that was causally related to his employment. Accordingly, we decline to disturb the Board's determination.

Rose and Lahtinen, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. Fundamentally, because claimant's condition did not occur suddenly from the application of some external force but instead accrued gradually over a period of time to the point where claimant was unable to work, the condition may not be considered a compensable "accident" unless it resulted from "unusual environmental conditions or events assignable to something extraordinary" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 138; *see, Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, *lv denied* 91 NY2d 807). In this case, the record fails to demonstrate that claimant's employment subjected him to any unusual or extraordinary environmental event or condition which caused him to develop phlebitis (*see, Matter of Knapp v Vestal Cent. School Dist.*, 247 AD2d 667; *Matter of Friedlander v New York City Health & Hosp. Corp.*, 246 AD2d 937, 938).

We do not dispute that claimant's condition was causally related to his work environment and, specifically, the requirement of his employment that he walk and stand on a concrete floor for prolonged periods of time. The fact is, however, that such a working environment is by no means unusual or extraordinary (*see, Matter of Friedlander v New York City Health & Hosp. Corp.*, *supra* [the claimant suffered from environmental sensitivities induced by air conditioning, cold and drafts at her workplace]; *compare, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, *supra*, at 137 [the claimant was subjected to cigarette smoke from "numerous" smokers working in close proximity in an unventilated office]; *Matter of Baxter v Bristol Myers*, 251 AD2d 753 [the claimant was expected to walk through rising chemical fumes and pour water into drains backed up with chemicals]). Inasmuch as claimant's condition was attributable to an expected and commonly understood incident of his employment (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, *supra*, at 137; *Matter of Bruzdowski v Coleco Indus.*, 30 AD2d 886), we are constrained to the conclusion that the Workers' Compensation Board's decision is not supported by substantial evidence and must be reversed.

Cardona, P. J., concurs. Ordered that the decision is affirmed, without costs.