■ In the Matter of the Claim of MARGARET B. MARKS, Appellant, v COUNTY OF TOMPKINS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [711 NYS2d 554] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed September 18, 1997, as amended by decision filed September 23, 1999, which ruled that claimant did not sustain an accident or occupational disease arising out of and in the course of her employment.

At issue in this appeal is whether claimant's medical condition was causally related to her work environment. Shortly after claimant commenced employment as a social welfare examiner for Tompkins County in 1986 she was relocated to the Biggs A building. According to claimant, her health began to deteriorate a short time later with her primary complaints being fatigue, headaches, sore throats, allergies and sinus trouble. She was transferred to another location for two years and then she returned to the Biggs A building in 1989, where her worksite was located in an area known as the "bull pen". After being diagnosed with multiple chemical sensitivity in 1993, claimant left her job.

Thereafter, claimant filed an application for workers' compensation benefits alleging that her multiple chemical sensitivity resulted from prolonged exposure to environmental contaminants due to poor air quality in the Biggs A building. More specifically, she alleged harmful exposure to chemicals emitted by carbonless copy paper and adhesive from newly installed carpets. Claimant's case was heard with several other

---

* We note that defendant's actual maximum term would be limited to 50 years by operation of law (*see*, Penal Law § 70.30 [1] [e] [vi]).

related workers' compensation claims filed by individuals also claiming to have suffered various medical ailments as the result of working in the Biggs A building. Based upon the hearing testimony and the results of several air quality tests performed at the building, the Workers' Compensation Board ruled that claimant was not exposed to levels of chemicals sufficient to cause multiple chemical sensitivity on the basis that there was no scientific evidence to support a causal relationship between claimant's condition and her place of employment. In an amended decision which also resolved the related claims, the Board essentially reiterated its findings and ruled that claimant did not sustain an accident or occupational disease. Claimant appeals.

As a threshold issue, claimant contends that the Board's finding of no causal relationship is not supported by substantial evidence because the Board failed to give probative weight to the alleged medical evidence linking her diagnosis to the poor air quality in the Biggs A building. Upon review of the entire record, we disagree. While as a general rule the Board may not reject the unanimous opinion of experts and arrive at its own conclusion on the issue of causation (*see, Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539; *Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, 936, *affd* 80 NY2d 775), the Board is entitled to disregard an expert opinion when it is based upon an assumption that lacks evidentiary support in the record providing a rational basis (*see, Matter of Freitag v New York Times*, 260 AD2d 748, 749-750). Here, although claimant's treating physicians and the employer's workers' compensation insurance carrier agreed that claimant suffered from multiple chemical sensitivity attributable to her exposure to environmental toxins, their conclusions on the nature of the causal relationship were based upon the unsubstantiated assumption that environmental contaminants actually existed at claimant's workplace (*see, id.*, at 750).

A senior industrial hygienist retained by the employer to perform an air quality analysis in the Biggs A building reported that air sampling test results for all contaminants were below permissible limits or at such low levels that no adverse health consequences could be expected. Another industrial hygienist, who is also a toxicologist, examined the building, the medical records and the air quality test results and opined that the Biggs A building contained no environmental contaminants that would cause any significant or permanent adverse health effects. While a third industrial hygienist indicated that

environmental conditions present in the building could have resulted in claimant's ailments, the Board was entitled to afford less weight to his opinion given the lack of objective findings to support it (*see generally, Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 692; *Matter of Purcell v American Sip Corp.*, 248 AD2d 844, 845). In view of this proof, we cannot conclude that the Board lacked substantial evidence to support its rejection of the medical evidence on the issue of causal relationship in concluding that claimant failed to establish the necessary causal link between her multiple chemical sensitivity and her employment (*see, Matter of Freitag v New York Times, supra,* at 749-750).

Finally, we find no reason to disturb the Board's finding that claimant did not sustain an "accident" within the meaning of the Workers' Compensation Law. As claimant's alleged condition developed gradually over a period of time, rather than suddenly from the application of some external force, claimant was required to demonstrate that the condition resulted from an unusual environmental condition assignable to some extraordinary event (*see, Matter of Sidaris v Brookhaven Mem. Hosp.*, 271 AD2d 884; *Matter of Rich v Pace Univ.*, 269 AD2d 718). The record contains no evidence to demonstrate the existence of an unusual environmental factor which caused claimant's condition, and claimant's own testimony and medical records reveal a significant history of allergies, sinus problems and other ailments, all of which predate her employment. Therefore, the Board's decision that claimant did not sustain an accidental injury is supported by substantial evidence (*see, Matter of Knapp v Vestal Cent. School Dist.*, 247 AD2d 667; *Matter of Friedlander v New York City Health & Hosps. Corp.*, 246 AD2d 937, 938).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.