■ In the Matter of the Claim of Marie Taylor, Respondent, v Niagara Mohawk Power Corporation et al., Appellants. Workers' Compensation Board, Respondent. [740 NYS2d 514] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 22, 1999, which ruled, inter alia, that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a customer service representative, had a history of multiple chemical sensitivity, asthma, rhino sinusitis and irritable bowel when, in 1993, she was exposed to fumes from roof tar that was being applied to the building in which she worked. Her conditions worsened thereafter. In 1995, claimant was exposed to fumes from the insecticide Dursban that was used in her office. Afterward, her symptoms progressively worsened and eventually claimant was unable to return to work. She filed two separate claims for workers' compensation benefits, alleging accidental injuries based on the two exposures to chemical fumes. The Workers' Compensation Board determined that claimant was permanently, totally disabled as a result of the two chemical exposures and awarded benefits to claimant.

The employer and its workers' compensation carrier appeal, arguing that claimant's conditions should be analyzed as diseases rather than as work-related accidents and that, in any event, the Board's conclusion that the exacerbation of claimant's conditions was caused by claimant's exposure to the chemical fumes is not supported by substantial evidence. These arguments are unpersuasive. This Court has previously recognized that the exacerbation of similar preexisting conditions by exposure to chemical fumes in the workplace can constitute an accidental injury entitling a claimant to an award of workers' compensation benefits (see, *Matter of Leventer v Yeshiva of Flatbush*, 257 AD2d 903; *Matter of Baxter v Bristol Myers*, 251 AD2d 753). Furthermore, the Board's conclusion in this case that claimant's exposure to tar and pesticide fumes exacerbated her condition is supported by claimant's own testimony regarding the progression of her symptoms and the

testimony of Michael Lax, a physician who had treated claimant since 1990, who opined that these chemical exposures caused significant worsening of claimant's condition. Taken together, that testimony provides substantial evidence supporting the Board's determination as to causation (*see, Matter of Connon v Grande & Sons*, 278 AD2d 685).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.