■ In the Matter of the Claim of JOHANNA CARLSON-FANELLI, Respondent, v ST. LUKE'S MEMORIAL HOSPITAL CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [784 NYS2d 735]—

Crew III, J.P. Appeal from an amended decision of the Workers' Compensation Board, filed December 26, 2002, which ruled that claimant sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

Claimant has a history of multiple chemical sensitivity apparently stemming from her early childhood exposure to DDT in Panama. In 1988, she began working for the employer as a dietetic technician in the acute care wing of the hospital. Claimant performed her duties essentially without incident until 1991 when, during the course of the renovation of the hospital's cafeteria, she became ill upon exposure to the paints, glues and cleaning supplies used in connection therewith. The employer then transferred claimant to the nursing care wing of the hospital, and claimant worked there full time until February 1996. Due to financial constraints, claimant then resumed part-time work in the acute care wing of the hospital, which entailed being in the hospital's kitchen several times a week, and, shortly thereafter, claimant again became ill due to her exposure to the various cleaning products and other agents used in the kitchen, as well as the fumes from the gas stoves. Claimant's position in the nursing care wing of the hospital was eliminated in April 1997, and her symptoms, which by now included heart palpitations and extreme fatigue, worsened as a result of the increased time she thereafter spent in the hospital's kitchen. Ultimately, in June 1997, claimant ceased working entirely.

Although initially finding that claimant suffered an occupational disease, a panel of the Workers' Compensation Board eventually issued an amended decision finding that claimant had suffered an accidental injury. The application for reconsideration and/or full Board review by the employer and its workers' compensation carrier was denied, prompting this appeal.

We affirm. Although an accidental injury must arise from " 'unusual environmental conditions or events assignable to something extraordinary' " (*Matter of Keck v New York State Div. of Substance Abuse Servs.*, 252 AD2d 730, 730 [1998], quoting *Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, 1020 [1997], *lv denied* 91 NY2d 807 [1998]), the case law makes clear that "[a]n accidental injury need not result suddenly or from the immediate application of some external force but may accrue gradually over a reasonably definite period of time" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 136 [1994]; *see Matter of Baxter v Bristol Myers*, 251 AD2d 753, 753-754 [1998]). It is equally well

settled that "where causally related injuries from a claimant's employment precipitate, aggravate or accelerate a preexisting infirmity or disease, the resulting disability is compensable" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., supra* at 138; *see Matter of Harrington v Whitford Co.,* 302 AD2d 645, 646 [2003]; *Matter of Taylor v Niagara Mohawk Power Corp.,* 293 AD2d 832 [2002]).

In our view, the record as a whole contains substantial evidence to support a finding that claimant's multiple chemical sensitivity indeed was aggravated by her exposure to identifiable chemicals and fumes in her workplace, which resulted in a disabling and compensable condition. Despite claimant's long history of illness and prior exposures, the record reflects "a very clear cut temporal relationship" between claimant's worsening symptoms and her exposure to gas fumes and other cleaning agents and chemicals present in the acute care area of the hospital. Michael Lax, a physician board certified in occupational medicine, testified at length regarding the correlation between claimant's symptoms and the gradually increasing amounts of time that claimant spent in the acute care area of the hospital, particularly the hospital's kitchen, and opined that her exposure to the chemicals and fumes found in those areas aggravated her preexisting multiple chemical sensitivity to the point of producing a disabling condition. Specifically, Lax stated that claimant's condition was both totally disabling and permanent in nature. Lax's testimony, coupled with claimant's own testimony regarding the progression of her symptoms over a reasonably definite period of time, is more than sufficient to support the Board's finding of an accidental and compensable injury (*see Matter of Fredenburg v Emerson Power Transmission,* 2 AD3d 1129, 1130 [2003]; *Matter of Taylor v Niagara Mohawk Power Corp., supra*). The employer and carrier's remaining contentions, including their alleged due process claim, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the amended decision is affirmed, without costs.