■ In the Matter of the Claim of PAUL BRUSE, Respondent, v HOLIDAY INN et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [790 NYS2d 765]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed January 27, 2003, which ruled that claimant

sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

On July 1, 1999, claimant was taken by ambulance from his job as an assistant chef at the Holiday Inn (hereinafter the employer) in the Town of Johnstown, Fulton County, to a hospital where he was admitted to intensive care for treatment for anaphylactic shock. Claimant had several other severe attacks before leaving his job with the employer in September 1999, but did not know the cause until August 2000, when medical tests revealed that he was allergic to, among other things, shellfish. By that time, he had been employed by two additional restaurants. Claimant applied for workers' compensation benefits in 2001, alleging that his severe allergic reactions were a result of preparing seafood dishes during his employment as a chef for the employer, a condition which ultimately rendered him unfit for such employment. Following a hearing at which conflicting medical evidence about claimant's allergies was presented, the Workers' Compensation Law Judge determined that claimant had sustained an accidental injury and awarded workers' compensation benefits. The Workers' Compensation Board affirmed, prompting this appeal by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier).

We now affirm. Severe allergies or other reactions arising from exposure to substances in the workplace may constitute an accidental injury within the meaning of the Workers' Compensation Law (*see Matter of Baxter v Bristol Myers*, 251 AD2d 753 [1998]). An accidental injury may result suddenly from the immediate application of some external force or "accrue gradually over a reasonably definite period of time" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 136 [1994]). While a gradual accrual injury requires proof of "unusual environmental conditions or events assignable to something extraordinary" (*id.* at 138), when the injury occurs suddenly, such proof of an unusual or extraordinary environmental condition is not required (*see Matter of Sidaris v Brookhaven Mem. Hosp.*, 271 AD2d 884, 885 [2000]). It is also well settled that "where causally related injuries from a claimant's employment precipitate, aggravate or accelerate a preexisting infirmity or disease, the resulting disability is compensable" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., supra* at 138; *see Matter of Carlson-Fanelli v St. Luke's Mem. Hosp. Ctr.*, 12 AD3d 873, 874 [2004]; *Matter of Harrington v L.C. Whitford Co.*, 302 AD2d 645, 646 [2003]; *Matter of Baxter v Bristol Myers, supra* at 754).

Here, the Board considered hospital records and the testimony of claimant's treating physician, reflecting that claimant's documented episodes of anaphylactic shock and ensuing hospitalizations were causally related to his exposure to the shellfish dishes he was required to prepare in the course of his employment. This medical testimony was corroborated by lab reports and by claimant, who admitted that he had suffered from a wide variety of allergies for most of his life, but testified that he had not previously experienced a severe reaction such as those for which he sought compensation, including during subsequent employments that did not require claimant to work with shellfish.

Viewing the record as a whole and mindful that the Board is afforded wide latitude in its consideration of which disabling events constitute compensable accidents, we are satisfied that substantial evidence supports the Board's determination that claimant's work-related exposures to shellfish significantly precipitated, aggravated, and accelerated his preexisting allergic sensitivities and his injuries are, therefore, compensable (see Matter of Carlson-Fanelli v St. Luke's Mem. Hosp. Ctr., supra at 875; Matter of Taylor v Niagara Mohawk Power Corp., 293 AD2d 832, 832-833 [2002]). Contrary to the carrier's assertion, the record supports the conclusion that the anaphylactic shock experienced by claimant as a result of such exposures, which caused him to endure repeated trips to the emergency room for severe swelling and difficulty breathing, constituted a sudden accidental injury (see Matter of Sidaris v Brookhaven Mem. Hosp., supra at 885; Matter of Abercrombie v Ryder Maintenance Corp., 165 AD2d 926, 927 [1990]; Matter of Cortese v Rochester Prods. Div., G.M.C., 91 AD2d 802, 803 [1982]). As the contrary opinions offered by the physician retained by the carrier were appropriately resolved by the Board (see Matter of Harrington v L.C. Whitford Co., supra at 647), we discern no basis upon which to disturb its decision.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.