Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WALENTY CHIMORA, Respondent, for Compensation under the Workmen's Compensation Law, *v.* INTERNATIONAL ICE CREAM COMPANY, Employer, and the ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — when award for temporary partial disability not justified after award for temporary total disability — burden of proof — presumptions.**

Where a claimant under the Workmen's Compensation Law who was disabled by a fracture of the arm took oath that his recovery was complete about September seventh and his attending physician reported that he was perfectly able to work on September tenth, it was error for the State Industrial Commission, having allowed an award for " temporary total disability " up to the date aforesaid, to make a further allowance for " temporary partial disability " merely because the claiment was unwilling to go to work at the sworn time of his recovery or because he may have been made sore by a renewal of active labor.

The burden of establishing that the disability did not end with the tenth day of September is upon the claimant, and the presumptions provided in section 21 of the Workmen's Compensation Law have no application.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, International Ice Cream Company and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 5th day of April, 1920.

*William H. Foster,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission has found as a conclusion of fact that the claimant was injured on the 23d day of July, 1919, resulting in a " fracture of the middle of the left radius and ulna, and as a result of which he was disabled from July 23, 1919, to December 22, 1919, on which date he was still disabled; " and has made an award for various sums subsequent to the 10th day of September, 1919, upon the basis

of alleged decrease of earning power, holding the case open for further hearings. The insurance carrier and the employer appeal, contending that there is no evidence to support the conclusion that the claimant was "disabled from July 23, 1919, to December 22, 1919, on which date he was still disabled."

On the 29th of September, 1919, the claimant in making his claim for compensation, under oath, says that recovery was complete "about Sept. 7, 1919," and gives Dr. J. B. Garlick as his attending physician. Dr. Garlick in his first report, under date of September 3, 1919, says that the claimant's symptoms are entirely due to the injury, and that he will not be able to attend to any part of his present duties "for first six weeks;" that the disability due to the accident is likely to exist for six weeks. In a second report this same physician says that from the date of the accident the disability, from the surgical viewpoint, is likely to last for six weeks, and from the vocational viewpoint for a period of seven weeks. In his final report he gives as the date when the injured employee was able to return to work, September 10, 1919, and in a memorandum at the close of the report he says: "This man was perfectly able to work on Sept. 10, 1919, but I understand would not do so on that date."

There is some suggestion that the claimant, who does not speak English, was induced by his interpreter to sign the statement that he was fully recovered on the seventh of September, without the claimant's free consent, but the record discloses no improper act on the part of the interpreter; he merely took the answers of the claimant to the formal questions and recorded them, and then when the claimant hesitated about signing the statement the interpreter said that it was a matter for him to decide; that he would have to sign the paper before he could get his money, and that if he did not sign it he would have to "fight the doctor," meaning, of course, that he would have to overcome the doctor's report as to his condition. The burden of establishing that the disability did not end with the 10th day of September, 1919, up to which time there is no controversy as to the compensation, is upon the claimant; the presumptions provided in section 21 of the Workmen's Compensation Law have no bearing upon this

situation. (*Matter of Modra* v. *Little*, 223 N. Y. 452, 454.) No fraud is shown to have been practiced upon the claimant by any one; he says he was fully recovered on the 7th day of September, 1919, and his attending physician certifies that the nature of the injury was such that it should last about six weeks, and that he was fully recovered and prepared to go to work on the tenth day of September, more than six weeks after the happening of the accident. Dr. Garlick testified in detail to the condition of this man, and while the claimant says that he went to work upon a sewer job about the twenty-fifth day of October and worked four days, and then went to a farm on or about the first of November, it is clear that there is no evidence in this case to warrant the conclusion that the claimant was not relieved of his disability on or before the 10th day of September, 1919. The statute provides for the compensation for " disability or death " (section 10) and subdivision 2 of section 15 (as amd. by Laws of 1917, chap. 705) provides for a " temporary total disability," which covers the present case, and this is to continue during the continuance of such temporary total disability, and the provisions of subdivision 4 of said section 15 relate to a " case of temporary partial disability," and do not contemplate a case of temporary total disability extending beyond the period when such total disability is at an end. When this comparatively simple fracture of the wrist was healed; when the arm responded to the usual tests, and the man was pronounced well, the temporary total disability was at an end. Because this man, after six or seven weeks of inaction, was unwilling to work, or because he may have been made sore by renewal of active labor, did not produce a " case of temporary partial disability; " such a case would have arisen if the claimant had been injured only to the extent that he was unable to perform all of his duties, and does not grow out of a " case of temporary total disability."

The determination and award of the State Industrial Commission should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.