Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANDREAS GRUNSICK, Respondent, for Compensation under the Workmen's Compensation Law, v. CHARLES SCHAEFER & SON, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, February 28, 1921.

**Workmen's Compensation Law — duration of disability — finding that claimant still disabled not supported by evidence — burden of proof — presumptions.**

Evidence examined, and *held*, that a finding that the claimant received injuries which caused him to be disabled from the 11th of July, 1919, " to the 21st day of May, 1920, on which date he was still disabled," was contrary to the established facts in the case.

In the absence of evidence that the disabilities of the claimant persisted after the the 9th day of January, 1920, on which date the physician of the Commission reported, after examination, that the claimant should go to work, that date should be the outside limit of any award.

The burden of establishing that the disability did not end with the 9th day of January, 1920, is upon the claimant, and the presumptions provided in section 21 of the Workmen's Compensation Law have no application.

The mere fact that the claimant will not work while waiting for a large allowance does not justify the finding that the disability continues.

APPEAL by the defendants, Charles Schaefer & Son and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 21st day of May, 1920.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission finds as conclusions of fact that " on July 11, 1919, while the said Andrew Grunsick was engaged in the regular course of his employment," he received injuries to his " lower spine and left shoulder, which

injuries caused him to be disabled from the 11th day of July, 1919, to the 21st day of May, 1920, on which date he was still disabled."

Compensation was paid upon this case until the sixth day of September. Dr. Lewy made an examination of this man for the Commission on the 1st of October, 1919, and then recommended that "claimant now attempt to resume work." On the 9th of January, 1920, he made a further examination and reported that "this claimant should resume work now." Still further reporting upon this case on the 20th of February, 1920, Dr. Lewy declared, "This claimant should resume work at once," and on the nineteenth of March of the same year he again reported that "I find no organic nor functional defect in consequence of the injury, which prevents this man from resuming work," but he says he does find a cardiac defect which "may prevent this man from resuming laborious work," though he declares that "this is not due to the injury." The only evidence in contradiction of this testimony by the Commission's own physician is that of the claimant and his wife, both of whom say he cannot work, but without showing any intelligent reason why he may not do so, and the learned Attorney-General says in his brief that "the claimant seems to be holding out for a large sum of money, as he asks for $6,000," which is clearly the reason why he refuses to work.

"The burden of establishing that the disability did not end with the 10th day of September, 1919," say this court in a very similar case (*Chimora v. International Ice Cream Co.,* 193 App. Div. 538, 539), "is upon the claimant; the presumptions provided in section 21 of the Workmen's Compensation Law have no bearing upon this situation. (*Matter of Modra v. Little,* 223 N. Y. 452, 454.)" Here the medical testimony is wholly uncontradicted. The claimant's history of the case as given to Dr. Lewy does not prove out upon examination, and the mere fact that he will not work while waiting for an allowance of $6,000, does not justify the finding of the Commission that the disability continues.

The award appealed from should be reversed and the matter remitted to the Commission to make an adjustment in harmony with the established facts in this case. On the 9th of January, 1920, Dr. Lewy says "this claimant should

resume work now," and in the absence of evidence that the disabilities of the claimant persisted, this should be the outside limit of any award.

All concur.

Award reversed and matter remitted to the Commission to proceed in accordance with the opinion herein.