Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EDWARD NIDDS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* STERLING CEILING AND LATHING COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, February 28, 1921.

**Workmen's Compensation Law — continuance of disability — burden of proof.**

The burden of proof was on the claimant to show that his disability continued, and he did not sustain the burden of proof, but on the contrary the evidence is against his contention that he is still incapacitated.

APPEAL by the defendants, Sterling Ceiling and Lathing Company and another, from an award and decision of the State Industrial Commission, entered in the office of said Commission on the 26th day of September, 1919, and also from

the award and decision, as modified, entered in the office of said Commission on the 8th day of June, 1920.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

On June 18, 1917, claimant was injured while at work for the employer in Brooklyn, N. Y. He was a metal lather; his average daily wage was $6. He was walking along a partition wall in the building, slightly higher than his head, when a couple of the tile became detached and fell onto his head. This is taken from his first claim for compensation and is dated June 19, 1917. On December 20, 1917, he filed a second claim in which he says his scalp was lacerated. The attending physician, under date of April 25, 1919, made a report to the same effect making the wound two and one-half inches. Before the last report of the physician last referred to claimant settled his claim for injury with the third party, the general contractor, without reference to the compensation, for $250, went back to work, earned from the employer here concerned $392; from a second employer he received for work performed $499.41, and from a third $541. As near as I can figure it out from this record these amounts were earned before he filed his last claim. When he settled for the $250 he did not pay his physician, and was not likely to, and the claim aforesaid was the result of that oversight. I think this is a fair inference from the evidence. His average weekly wage was $34.62. On December 17, 1919, the Commission made him an award for sixty-six and two-thirds per cent of that amount from July 3, 1917, to October 6, 1919, less what he had earned and what he had been theretofore paid, the balance at that time being $422.60, and continued the case. On June 8, 1920, the Commission deducted the $250 paid on settlement and found he had been overpaid. This last award did not contain any order of continuance. This claimant has been

repeatedly urged to ·go to work; he will not do so. No physician but the one apparently interested in getting his own compensation can find any reason why this man does not go to work; that he is a malingerer seems clear beyond peradventure. The burden of proving that his present incapacity to work is on him and he has not met that burden. (*Chimora* v. *International Ice Cream Co.*, 193 App. Div. 538.) The weight of the evidence and all evidence worthy of the name is against claimant's contention.

The award should be reversed and claim dismissed.

All concur.

Award reversed and claim dismissed.