## Third Department, November, 1959

## (November 13, 1959)

■ In the Matter of the Claim of Harry Lapinsky, Respondent, against Ardom Bake Shop, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board for disability due to Dupuytren's contracture. Appellants assert that the claim is barred by section 40 of the Workmen's Compensation Law, contending that the disease was contracted more than one year prior to claimant's disablement on May 15, 1951 and while he was in another employ; and not, as the board found, within the period of his employment by appellant employer. If there is any substantial medical evidence supportive of the board's finding as to the time of contraction it must be found in the testimony of claimant's son, Dr. Lapinsky, which was given on March 28, 1952 and which the board has evidently construed as indicating that contraction occurred within 18 months prior to the May 15, 1951 disablement date. However, Dr. Moorhead, testifying for the carrier and asserting that the condition had existed for at least 10 years, stated that on June 19, 1951 he was told by Dr. Lapinsky that he had been aware of the condition for about four years. On December 28, 1951, claimant testified that his son had diagnosed the same trouble five years before. The record shows that at that same hearing in 1951, claimant's attorney spoke to Dr. Lapinsky, who was in the room but did not testify, and then stated to the Referee that the doctor said that he first made the diagnosis in 1947. In his written report of January 26,

1952, Dr. Lapinsky stated that December 4, 1947 was the "approximate date of onset of related symptoms" and also the "date disability began" and, elsewhere in the report, that December 4, 1947 was the "date diagnosis made". On March 28, 1952, however, Dr. Lapinsky testified that he diagnosed Dupuytren's contracture when he saw his father in 1951 and that when his father consulted him 3 to 3½ years before quitting work in 1951 there was no evidence of the disease. The board apparently accepted this testimony as proof that the disease was contracted within 18 months (the period of his employment with appellant) prior to the date claimant stopped working (although Dr. Lapinsky did not directly state that conclusion) and in so doing the board rejected not only Dr. Moorhead's testimony but Dr. Lapinsky's own report in writing as well as the other statements attributed to him. Standing alone, the doctor's testimony is of doubtful sufficiency. Considered in the light of his definitely contradictory statements — and we of course must view his evidence as a whole — it must be held insubstantial, absent any explanation of the contradictions. This was at one time recognized by the board when it rescinded the Referee's first decision, finding that the record had "not been fully developed * * * as to when claimant contracted the condition" and directing, among other things, that "Dr. Lapinsky, attending physician, should testify again, in the light of his medical report (C-4) dated January 6, 1952." Although the carrier produced Dr. Lapinsky at the next hearing the Referee declined to receive his testimony at that time and later made the award appealed from without hearing further medical testimony or any cross-examination of Dr. Lapinsky; and, on appeal, the board affirmed on the same medical proof which it had previously considered as insufficient and as requiring explanation. Ordinarily, of course, there is no legal barrier to such a result but we consider that the unusual and, indeed, suspicious circumstances required the board to return the case for cross-examination of the doctor with particular reference to his signed report. (Cf. *Matter of Barrow* v. *Loon Lake Hotel*, 3 A D 2d 783, and cases there cited.) Reversal is required on each of the two grounds discussed, i.e., absence of substantial evidence and arbitrary denial of opportunity to cross-examine. It is probably true that the carrier was neither alert nor aggressive in its conduct of the case but that does not justify the making of an award on testimony so highly suspect. Decision and award reversed and case remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.