(June 20, 1996)

In the Matter of the Claim of JAMES STAEBLER, Appellant, v CHLORAL GROUP, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [644 NYS2d 412] —Mikoll, J. P.

Claimant, a salesman, suffered an injury to his left shoulder when he fell over a box at work. After a hearing, the Workers' Compensation Board awarded claimant the sum of $16,380 for a 15% schedule loss of use of the left shoulder and directed reimbursement to the employer in the amount of $9,378.25 for reimbursement of wages paid him during his alleged absence from work. Claimant appealed that part of the decision directing reimbursement to the employer, claiming that he lost no time from work. The Board, in turn, rescinded the award of reimbursement and reopened the case for the purpose of further developing the record on this issue. The Board found, *inter alia*, that the employer was entitled to reimbursement of wages in the amount of $9,378.25 pursuant to Workers'

Compensation Law § 25 (4). Claimant appeals from this decision.*

There should be a reversal of the award and a further remittal for development of the record as to whether claimant lost any time from work. On the original remittal to develop the issue, the Administrative Law Judge failed to permit claimant to testify to the issue of whether he was out of work and generally, by his impatience, foreclosed any fair inquiry into the matter. The only testimony offered on the issue was the single statement from claimant that he did not lose any time from work. The employer offered no contradictory evidence. The rest of the hearing involved barbed comments of the Administrative Law Judge to claimant. The Board's decision ordering payment to the employer, based on the inadequate hearing, cannot stand.

Claimant was vice-president of the corporate employer and was an unstructured employee, that is, his work hours were not prescribed. The employer's own report of injury indicates that claimant returned to work the day after the accident.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* Claimant died subsequent to filing the notice of appeal in this case and his executor is pursuing the appeal on behalf of his estate.