■ In the Matter of the Claim of CATHERINE SCHUELER, Respondent, v MERCY HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [735 NYS2d 662] —Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 3, 2000, which, inter alia, ruled that claimant sustained a work-related injury.

Claimant, a nurse employed at Mercy Hospital located in the City of Buffalo, Erie County, was assigned to an acute geriatric nursing home placement floor, where her duties required a great deal of lifting of nonambulatory patients during the course of her seven-hour shifts. In January 1997, claimant experienced back pain while at work, as the result of which she treated with a chiropractor. Thereafter, on February 11, 1997 and February 12, 1997, while at work, claimant again experienced back pain for which she sought medical treatment. Ultimately, claimant was diagnosed with a central lumbar disc herniation, which her neurosurgeon testified was work related and rendered claimant totally disabled. Upon learning that claimant also had injured her back on February 14, 1997 while lifting a bag of groceries, claimant's neurosurgeon apportioned 75% of claimant's disability to her work-related injury. A Workers' Compensation Law Judge found that accident, notice and causal relationship were established and determined that claimant was totally disabled, with 75% of her disability caus-

ally related to her February 11, 1997 injury. On appeal, the Workers' Compensation Board affirmed that decision, and the employer and its workers' compensation carrier appeal.

We affirm. Initially, we reject the contention that there is no basis for a finding of "accidental injury" because there was no evidence of a specific traumatic event. The term "accidental injury" is one of art that has no specific statutory definition (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136) and, contrary to the employer and carrier's assertion, whether a particular event is considered an accident is not dependent upon the identification of a specific traumatic event (*see, id.*, at 137). Rather, the symptoms of a claimant's injury may, as here, accrue "gradually over a reasonably definite period of time so long as it can be demonstrated that the disability resulted from a special condition peculiar to his or her workplace" (*Matter of Farcasin v PDG, Inc.*, 286 AD2d 840, 841). The balance of the employer and carrier's contentions presuppose acceptance of the opinions of their expert over those of claimant's, which ignores the all too well-settled principle that the resolution of conflicting testimony is within the province of the Board (*see, Matter of Ceselka v Kingsborough Community Coll.*, 281 AD2d 842).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.