■ In the Matter of the Claim of DONALD NEWTON, Appellant, v SEARS ROEBUCK & COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [740 NYS2d 510] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed February 23, 2001, which ruled, inter alia, that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

In the course of his employment beginning in October 1992, claimant regularly unloaded trucks, stacked merchandise on pallets, and transported material to and from his employer's warehouse. While walking across a parking lot to the warehouse shortly after unloading a truck on February 13, 1998, claimant, who was then 66 years old and had been a volunteer firefighter for 28 years, felt a sharp pain across his right knee.

Three days later, the employer filed a C-2 report listing claimant's injury as "worn cartilage." Claimant's first treating orthopedic surgeon, Richard Legouri, diagnosed osteoarthritis in the medial joint compartment of claimant's knee, but he could not relate the condition to his work. Michael Brooks, the employer's consulting orthopedic surgeon who examined claimant in May 1998, also found osteoarthritis that was not causally related to his work. Jonathan Dashiff, a third orthopedic surgeon who examined claimant in July 1998 and reviewed an MRI taken at that time, confirmed the degenerative condition of claimant's knee, but also found a tear in his medial meniscus and opined that it was causally related to his work.

After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had suffered a work-related accidental injury involving his right knee, awarded benefits and continued the case. The employer and its workers' compensation carrier appealed to the Workers' Compensation Board. Crediting the opinions of Legouri and Brooks, the Board reversed the WCLJ's decision and determined that claimant had not sustained either an accidental injury or an occupational disease causally related to his employment. Claimant now appeals.

"The Board's determination that a claimant's injury did not arise from a work-related accident will be upheld if supported by substantial evidence * * *" (*Matter of Wachtler v AT&T*, 285 AD2d 767, 768 [citation omitted]; *see, Matter of Gates v McBride Transp.*, 60 NY2d 670). While a compensable accidental injury may either result from a single catastrophic event or develop gradually over a reasonably definite period of time (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136; *Matter of Schueler v Mercy Hosp.*, 290 AD2d 684, 685), it must first be demonstrated that a specific aspect of the claimant's workplace was a contributing factor in bringing about the injury (*see, e.g., Matter of Farcasin v PDG, Inc.*, 286 AD2d 840, 841; *Matter of Daniels v Wallach's Mens Store*, 263 AD2d 909).

Here, the Board determined that the condition of claimant's knee was not caused by any distinctive feature or repetitive movement in his work and, as such, claimant did not suffer an accident or occupational disease in the course of his employment. On the issue of causation, Legouri and Brooks testified that they found no causal relationship between the condition of claimant's knee and his employment. Dashiff testified that claimant's employment could have aggravated his degenerative condition and caused the meniscus tear. Such a

conflict in medical opinion is clearly within the Board's province to resolve, particularly where the conflict relates to the issue of causation (*see, Matter of Wachtler v AT&T, supra* at 769; *Matter of Moreines v Lawrence Nursing Care Ctr.*, 277 AD2d 836, 838; *Matter of Panagiotatos v Eastman Kodak Co.*, 222 AD2d 877, 878). Accordingly, we find the Board's decision to be supported by substantial evidence and affirm, despite medical opinion evidence that could arguably support a contrary result (*see, Matter of Tompkins v Sunrise Heating Fuels*, 271 AD2d 888, 889).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.