■ In the Matter of the Claim of JANINE RITTON, Appellant, v AT&T—NEW YORK ET AL., RESPONDENTS. WORKERS' COMPENSATION BOARD, Respondent. [750 NYS2d 152] —Cardona, P.J. Appeal from that part of an amended decision of the Workers' Compensation Board, filed June 25, 2001, which, inter alia, ruled that claimant was entitled to workers' compensation benefits at the mild to moderate disability rate.

In June 1993, claimant filed a claim for workers' compensation benefits while working as a telephone and video display terminal operator. Occupational disease, notice and causal relationship were originally established for bilateral carpal tunnel syndrome in claimant's hands and later amended to include myofacial pain syndrome, thoracic outlet and injuries relating to claimant's neck, arms and shoulders. Claimant's average weekly wage was established at $590.86 and, from July 22, 1994 to June 18, 1997, she was paid workers' compensation benefits at the total disability rate of $393.91 per week. Thereafter, the record was developed on the degree of claimant's disability and the Workers' Compensation Board ruled that claimant was entitled to benefits at the total disability rate from June 18, 1997 to March 19, 1998 based on uncontradicted medical proof submitted by claimant for that period. With respect to the period from March 19, 1998 to September 25, 1999, however, the Board credited contrary medical testimony indicating that claimant suffered only a mild to moderate disability at a rate of $131.31 per week. Claimant appeals.

We find substantial evidence in the record to support the Board's finding of a mild to moderate disability for the period after March 19, 1998. Contrary to claimant's argument, the Board did not err by failing to credit the testimony of Michael Lax, claimant's examining physician, who opined that claimant was totally disabled during the disputed period. The record indicates that the Board reviewed the record and independently assessed two competent, yet differing, expert medical opinions regarding the degree of disability. In so doing, the Board chose to credit the testimony of Syed Ehtisham, the examining physician for the employer and its workers' compensation carrier. The resolution of such a conflict is within

the province of the Board and we find no basis to disturb the Board's decision (*see Matter of Forte v City & Suburban*, 292 AD2d 738; *Matter of Hughes v Indian Val. Indus.*, 290 AD2d 871).

We have examined the remaining arguments advanced by claimant, including her assertion that the Board inappropriately made reference to the Workers' Compensation Board Medical Guidelines, and find them unpersuasive.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the amended decision is affirmed, without costs.