■ In the Matter of the Claim of DESMOND A. GORDON, Appellant, v GREEN BUS LINES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 767] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 27, 2000, which ruled that claimant had no further causally related disability.

Claimant suffered work-related neck, back and shoulder injuries in June 1996. Claimant did not lose any time from

work at the time of his accident, but sought medical treatment for his injuries in August 1996. In March 1998, claimant filed a claim for workers' compensation seeking authorization for additional medical treatment and, on September 18, 1998, he stopped working due to the severity of his symptoms. At a hearing on the claim, claimant's treating physiatrist testified that claimant was totally disabled as a result of the 1996 accident, while the physician for the employer's workers' compensation carrier opined, based upon his December 1998 and April 1999 evaluations of claimant, that claimant's symptoms were due to his age and prior injuries and that he did not have any ongoing disability causally related to the 1996 accident. The Worker's Compensation Law Judge (hereinafter WCLJ), crediting the opinion of the carrier's physician, found that claimant had no further causally related disability resulting from the 1996 accident and had suffered no compensable lost time since the first evaluation by the carrier's physician in December 1998. The Workers' Compensation Board affirmed the WCLJ's decision, and claimant appeals.

On this appeal, claimant seeks to have this matter remitted to the Board for further development of the record because he was never called as a witness to rebut testimony by the carrier's physician concluding that claimant was a "malingerer." Although this Court has remitted matters where parties' requests for additional witnesses went unheeded (*see Matter of Sullivan v Smith's Coll. of Arts & Sciences*, 265 AD2d 767; *Matter of Staebler v Chloral Group*, 228 AD2d 865) or where a decision was rendered based upon "suspicious circumstances" and "highly suspect" testimony (*Matter of Lapinsky v Ardom Bake Shop*, 9 AD2d 793, 794), this is not such a case. In fact, claimant concedes that he was never called as a witness at the hearing and the record reflects that this issue was not raised before the WCLJ or in claimant's request for Board review. Further, the WCLJ was entitled to resolve the conflicts in the medical testimony (*see Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890, *lv denied* 99 NY2d 506; *Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 728, *lv denied* 99 NY2d 504) and, in our view, the resulting decision is fully supported by substantial evidence in the record (*see Matter of Ritton v AT&T—N.Y.*, 298 AD2d 821).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.