■ In the Matter of the Claim of RAYMOND HARRINGTON, Respondent, v L.C. WHITFORD COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 463] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 7, 2001, which ruled that claimant was permanently and totally disabled.

In late June 1996, claimant, a unionized laborer and construction worker, was exposed to fumes from burning lead paint while coworkers were removing steel from a bridge. He reported the incident to his employer the following day and completed his work on the project on July 1, 1996. He thereafter experienced a severe exacerbation of his preexisting but inactive asthma condition, which had been treated since 1995 by Richard Evans, a certified pulmonologist with 25 years' experience. Upon his examination of claimant at a July 11, 1996 office visit, Evans determined that claimant's exposure to the fumes was entirely responsible for a marked change and deterioration in his respiratory and clinical status such that he was totally disabled from being a laborer. Even with aggressive treatment, claimant's condition further deteriorated and, by November 1996, Evans determined that claimant was totally disabled from any and all occupations. As part of the lengthy procedural history of this claim, Evans and claimant's board-certified treating family physician testified at a hearing held in 1998, at which Evans opined that claimant's total disability was permanent in that he continued to have a moderate to severe obstruction of his airways despite ongoing steroid use and that—due to the risks associated with high doses of steroids and the severity of his asthma—the general long-term prognosis for his health and longevity was "not good."

Ultimately, a Workers' Compensation Law Judge (hereinafter WCLJ), in a series of decisions, determined that claimant had suffered an accidental injury, ordered the employer or its workers' compensation carrier to continue payments, and found that the accident had caused claimant to be permanently and

totally disabled. The employer and carrier appealed and the Workers' Compensation Board, by decision filed August 7, 2001, affirmed, crediting the testimony and diagnostic test results of claimant's treating physicians, which it determined established that his exposure to fumes at the work site constituted an accidental injury which caused a permanent and total disability.

On the carrier and employer's appeal, we affirm, rejecting their claims that the Board's decision is not founded upon substantial record evidence. They contend that, inter alia, claimant's condition is the result of an active disabling asthma condition which predated the 1996 episode, and that his exposure to the fumes merely temporarily* aggravated that preexisting condition. While the evidence demonstrated that claimant had asthma since 1986, Evans testified that after he began treating claimant in mid-1995 with low doses of steroids and other medications, his asthma markedly improved—as had his pulmonary function tests—and that he had succeeded in weaning claimant off steroids completely months before this incident. Evans further documented that as a consequence of the incident, claimant's respiratory condition markedly deteriorated to the point that his asthma worsened from stage 2 (moderate, persistent) before the accident to stage 4 (severe, persistent), the highest level, after the exposure, requiring constant moderate to high-dose steroid use and incapacitating him from any occupation. Diagnostic tests revealed that in the spring of 1996, claimant's pulmonary function generally maintained at the 60% to 85% range (85% being normal), but fell to 20% to 60% range after the incident.

It is well settled that a claimant's preexisting asthma does not preclude a finding of accidental injury where, as here, "causally related injuries from a claimant's employment precipitate, aggravate or accelerate a preexisting infirmity or disease" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 138; *see Matter of Hosmer v Emerson Power Transmission*, 295 AD2d 870, 872; *Matter of Taylor v Niagara Mohawk Power Corp.*, 293 AD2d 832, 832-833; *Matter of Baxter v Bristol Myers*, 251 AD2d 753, 753-754). The record amply supports the Board's conclusion that claimant's asthma had stabilized and markedly improved prior to the accident, and that the work-site exposure to the fumes significantly exacerbated his "condition 'in such a way as to cause a disability which did not previously exist' " (*Matter of*

---

* The employer and carrier argue on appeal that claimant's "temporary" disability ceased on August 22, 2000, the day after a hearing which resulted in the WCLJ determination that claimant is permanently totally disabled.

*Sidaris v Brookhaven Mem. Hosp.*, 271 AD2d 884, 885, quoting *Matter of Williams v Boll*, 184 AD2d 881, 881; *see Matter of Ochsner v New Venture Gear*, 273 AD2d 715, 716, *appeal dismissed* 96 NY2d 731). Further, claimant's severe symptoms and disability occurred over "a reasonably definite period of time" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, *supra* at 136; *see Matter of Newton v Sears Roebuck & Co.*, 293 AD2d 862, 863; *Matter of Farcasin v PDG, Inc.*, 286 AD2d 840, 841; *Matter of Ochsner v New Venture Gear*, *supra* at 716) and from "unusual environmental conditions or events assignable to something extraordinary" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, *supra* at 138). To the extent that the medical opinions of claimant's treating pulmonologist, which were credited by the Board, sharply conflicted with those of the physician—not a pulmonologist—who conducted an IME on behalf of the carrier, on key issues including causation and the active versus dormant status of his preexisting condition, it is well settled that "it is the province of the Board to resolve conflicts in medical opinion" (*Matter of Hosmer v Emerson Power Transmission*, *supra* at 871; *Matter of Schueler v Mercy Hosp.*, 290 AD2d 684, 685). The contention that Evans' opinion should not have been credited in that it was not based upon substantiated medical science "presuppose[s] acceptance of the opinions of their expert over those of claimant's [experts]," which the Board was not required to do (*Matter of Schueler v Mercy Hosp.*, *supra* at 685; *see Matter of Owoc v Syracuse Univ.*, 301 AD2d 765, 765-766).

Additionally, Evans' opinion that claimant's disability is total and permanent is supported by his testimony and diagnostic test results establishing that, two years after the accident, claimant had constant wheezing and his asthma remained at stage 4 with only intermittent improvement; his pulmonary function was frequently in the 40% range despite continuous use of moderate to high doses of steroids, inhalants and other medications; and his treatment had become progressively more difficult due to a phenomena of chronic asthma in which "the airway is remodeling in the wrong direction." The "degree of [claimant's] disability [was] a factual issue for the Board to resolve and where, as here, the record contains conflicting medical opinions on the issue, resolution of that conflict is within the province of the Board" (*Matter of Forte v City & Suburban*, 292 AD2d 738, 739; *see Matter of Ritton v AT&T—N.Y.*, 298 AD2d 821, 821-822).

Since the Board's decision is supported by substantial evidence, it will not be disturbed despite the existence of other ev-

idence in the record which would support a different result (*see Matter of Depew v Lancet Arch*, 292 AD2d 666, 667). The carrier and employer's remaining challenges do not warrant disturbing the Board's determination.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.