■ In the Matter of the Claim of Rosalie Sillitti, Appellant, v Liberty Travel, Inc., et al., Respondents. Workers' Compensation Board, Respondent. [920 NYS2d 477]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed October 1, 2009, which, among other things, ruled that the exacerbation of claimant's preexisting chronic obstructive pulmonary disease was temporary.

In 2005, while working for Liberty Travel, Inc., claimant was diagnosed as having chronic obstructive pulmonary disease (hereinafter COPD). In 2006, claimant was transferred to Liberty's office in the hamlet of Sayville, Suffolk County. After one week of working there, claimant fell ill with bronchitis and was out of work for a week. Soon thereafter, mold was found at that location and that office was temporarily closed to address the issue. When the Sayville office reopened, claimant resumed working there for four months. She again became ill and was out of work for approximately a week. Instead of returning to the Sayville location, she then transferred to a different Liberty office. Claimant eventually ceased her employment with Liberty and filed this claim for workers' compensation benefits.

Following a hearing, a Workers' Compensation Law Judge

(hereinafter WCLJ) found that prima facie evidence existed that demonstrated that claimant's COPD was exacerbated by her exposure to the mold. The WCLJ set an average weekly wage and awarded claimant compensation for intermittent lost time, finding that the aggravation of claimant's preexisting condition was temporary, not permanent. Claimant sought modification of the WCLJ award as it related to duration and, in the alternative, sought to have the hearing reopened. The Workers' Compensation Board affirmed* and claimant now appeals.

We affirm. Claimant bears the burden of demonstrating, among other things, that the exacerbation of her COPD due to her work conditions was permanent (*see generally* Workers' Compensation Law §§ 15, 20; *Matter of Harchar v Sarkisian Bros., Inc.*, 53 AD3d 986, 987-988 [2008]; *Matter of Grunsick v Schaefer & Son*, 195 App Div 334, 335 [1921]). Here, claimant testified that her COPD symptoms worsened after working at the Sayville office for a short time and that her condition continued to debilitate her. Lucy Palmer, claimant's pulmonologist, also testified that claimant's pulmonary function decreased between September 2006 and April 2007—the time frame encompassing claimant's work in the Sayville office—and that her symptoms were consistent with allergies to mold. However, when asked if COPD is "a condition that can wax and wane," Palmer responded that "COPD can have exacerbations," including exacerbations due to the exposure to allergens, such as mold. She also opined that such symptoms may dissipate when the triggering allergen is removed. As the WCLJ stated, "later medical reports tell us, [that] is in fact what happened." Although the opinion of Liberty's pulmonologist differed in some respects from Palmer's testimony, he also indicated that claimant's symptoms could wax and wane. Notably, the record is devoid of any medical testimony explicitly opining that the exacerbation of claimant's preexisting condition is permanent (*see generally Matter of Guz v Jewelers Machinist, Inc.*, 71 AD3d 1272, 1272 [2010]).

The degree and duration of claimant's disability was a factual issue for the Board to resolve and the resolution of any conflict between the medical opinions presented is similarly within the Board's province (*see* Workers' Compensation Law §§ 15, 20; *Matter of Harrington v Whitford Co.*, 302 AD2d 645, 647 [2003]). Upon our review of the entire record and according due deference to the Board, we are satisfied that substantial evidence supports the Board's determination that the exacerbation of

---

* The Board did not explicitly rule that it was declining to reopen the claim, but did not do so.

claimant's COPD as a result of exposure to mold in the Sayville office is temporary in nature. Therefore, even if there is evidence in the record that would support a different result, we will not disturb such determination (*see Matter of Harrington v Whitford Co.*, 302 AD2d at 647).

Nor are we persuaded by claimant's contention that it was error for the Board to decline her request to reopen the record for further testimony from Palmer. Inasmuch as claimant made no assertion that newly discovered evidence exists or that relevant issues were not considered in the hearing, the Board did not abuse its discretion (*see Matter of Yarleque v Sally Lou, Inc.*, 73 AD3d 1294, 1294, 1295 [2010], *lv dismissed* 15 NY3d 770 [2010]; *compare Matter of Kaja v Siller Bros., Inc.*, 74 AD3d 1511, 1512 [2010]).

Claimant's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.